UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN CHRISEY and, | : | NO. 3:02CV-1399 (JCH) |
| JEFFREY CHRISEY | : | |
| *Plaintiffs,* | : | |
| | | |
| V. | : | |
| | | |
| LYNN M. LEWIS, *et al.,* | : | |
| *Defendants.* | : | MARCH 1, 2004 |

DEFENDANT'S
PRE-TRIAL MEMORANDUM

In accordance with the Standing Order Regarding Trial Memoranda in Civil Cases, the

defendants hereby offer the following input to the required joint pre-trial memorandum:

**1. TRIAL COUNSEL:**

**For the Defendants:**

Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut  06105

Tel. (860) 808-5450

**2. JURISDICTION:**  The jurisdiction of the court is invoked under the provisions of

Sections 1331, 1343(3) and 1367(a) of Title 28, and Sections 1983 and 1988 of Title 42 of the

United States Code.

**3. JURY/NON-JURY:**  The plaintiff has claimed a trial by jury of all issues raised in

his complaint.

**4.  NATURE OF CASE:**  This is a civil rights case brought by the plaintiffs under 42 U.S.C. § 1983 alleging that they were falsely arrested and maliciously prosecuted by the defendants, Connecticut State Police troopers, following a domestic disturbance in their home in Litchfield, Connecticut on September 19, 2001.

**5.  STIPULATIONS OF FACT AND LAW:**

a.  At all times relevant to this lawsuit, the defendants were acting in their official capacities as Connecticut State Police troopers, under color of state law.

**6.  PLAINTIFF'S CONTENTIONS:**  The plaintiffs contend that they were falsely arrested and maliciously prosecuted by the defendants, Connecticut State Police troopers, following a domestic disturbance in their home in Litchfield, Connecticut on September 19, 2001.

**7.  DEFENDANT'S CONTENTIONS:**  The defendants contend that they properly investigated a complaint of a domestic disturbance received via 9-1-1 from the plaintiffs' home, and that their investigation established probable cause to arrest the plaintiffs as a result.  Pursuant to Connecticut General Statutes § 46b-38b, the defendants arrested the plaintiffs.  The defendants claim that their actions were not in violation of the plaintiffs' Fourth Amendment rights, and that they are entitled to qualified immunity.

**8.  LEGAL ISSUES:**

a.  Whether the defendants falsely arrested to plaintiffs in violation of their Fourth Amendment rights.

b.  Whether the defendants maliciously prosecuted the plaintiffs in violation of their Fourth Amendment rights.

c.  Whether the defendants are entitled to qualified immunity for their actions.

**9.  <u>VOIR DIRE QUESTIONS</u>:**  See Tab A attached to this memorandum.

**10.  <u>LIST OF WITNESSES</u>:**

a.  Kevin Anderson, Department of Public Safety, 1111 Country Club Road, Middletown, Connecticut 06457.  Trooper Anderson was dispatched to the plaintiffs' home to investigate a complaint of a domestic disturbance.  He will testify as to his actions and observations during the course of said investigation.

b.  David Pandiscia, Department of Public Safety, 1111 Country Club Road, Middletown, Connecticut 06457.  Trooper Pandiscia was dispatched to the plaintiffs' home to investigate a complaint of a domestic disturbance.  He will testify as to his actions and observations during the course of said investigation.

c.  Joseph Cusato, Department of Public Safety, 1111 Country Club Road, Middletown, Connecticut 06457.  Trooper Cusato was dispatched to the plaintiffs' home to investigate a complaint of a domestic disturbance.  He will testify as to his actions and observations during the course of said investigation.

d.  Lynn Lewis, Department of Public Safety, 1111 Country Club Road, Middletown, Connecticut 06457.  Trooper Lewis was dispatched to the plaintiffs' home to investigate a complaint of a domestic disturbance.  She will testify as to her actions and observations during the course of said investigation.

e.  Louise Czar, Litchfield County Dispatch center, 452 Bantam Road, Litchfield, Connecticut.  Dispatcher Czar answered the initial 91-1 complaint from the plaintiffs' residence.  She will authenticate the tape of the initial conversation to be offered as an exhibit.

11. **EXHIBITS**:

    A. Connecticut State Police Investigative Report #L01-296657

    B. 9-1-1 tape of Chrisey telephone complaint

12. **DEPOSITION TESTIMONY:**  None anticipated.

13. **REQUESTS FOR JURY INSTRUCTIONS:**  See Tab B attached to this memorandum.

14. **ANTICIPATED EVIDENTIARY PROBLEMS:**  None anticipated.

15. **PROPOSED FINDINGS AND CONCLUSIONS:**  Not applicable to jury trials.

16. **TRIAL TIME:**  The defendants estimate that trial of this matter, exclusive of jury selection will require three days.

17. **FURTHER PROCEEDINGS:**  None anticipated.

18. **ELECTION FOR TRIAL BY MAGISTRATE:**  None made.

19. **OTHER MATTERS:**

    A. **PROPOSED JURY INTERROGATORIES:**  See Tab C attached to this memorandum.

    B. **PROPOSED OPENING STATEMENT:**  None requested.

DEFENDANTS
Kevin Anderson, David Pandiscia,
Joseph Cusato and Lynn Lewis

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By: _____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut  06105
Tel: (860) 808-5450
Federal Bar #ct05129
E-mail: stephen.sarnoski@po.state.ct.us


## **CERTIFICATION**

I hereby certify that the foregoing pre-trial memorandum was mailed, first-class, postage

pre-paid, to all counsel of record on this the _____ day of _____, _____, as follows:

John R. Williams, Esq.
Williams  & Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510


_____
Stephen R. Sarnoski
Assistant Attorney General

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN CHRISEY and, | : | NO. 3:02CV-1399 (JCH) |
| JEFFREY CHRISEY | : | |
| *Plaintiffs,* | : | |
| | | |
| V. | : | |
| | | |
| LYNN M. LEWIS, *et al.,* | : | |
| *Defendants.* | : | MARCH 1, 2004 |

## PROPOSED VOIR DIRE
## QUESTIONS FOR THE JURY

Counsel respectfully requests that the following questions be asked of prospective jurors:

1.  The plaintiffs in this case are Karen and Jeffrey Chrisey, of Litchfield, Connecticut. To the best of your knowledge, are you or any member of your family acquainted with the plaintiffs in any way?

2.  The defendant in this case are Kevin Anderson, David Pandiscia, Joseph Cusato and Lynn Lewis.  Each of them is employed as a Connecticut State Police trooper by the State of Connecticut, Department of Public Safety, Division of State Police.  To the best of your knowledge, are you or any member of your family acquainted with him?

3.  The following individual may be a witness in this case:

a.  Louise Czar of the Litchfield County Dispatch Center.

To the best of your knowledge, are you or any member of your family acquainted with this individual?

4.  To the best of your knowledge, have you, a member of your family or a close friend ever had an unpleasant experience with a police officer?

5.  If your response to question 4 is affirmative, describe the unpleasant experience of which you are aware.

6.  Do any of you have an unfavorable opinion about police officers in general?

7.  If your response to question 6 is affirmative, describe the nature of the unfavorable opinion that you hold concerning police officers.

8.  Have you, a member of your family, or a close friend ever been arrested?  Have you ever been the subject of a domestic dispute which resulted in the police being called to the scene?

9.  Have you read, heard or been exposed to unfavorable comments about the Connecticut State Police Department?

10.  A portion of the testimony in this lawsuit will come from State Police officers or their supervisors.  Have you or any member of your family ever had a personal experience, heard anything, or read anything which might make it difficult for you to believe their testimony?

11.  Do any of you believe, for any reason, that police officers have a tendency to abuse their authority?

12.  Have you or a member of your family ever been employed as a police officer?

13.  Do any of you believe that the testimony of a policy officer is entitled to greater credibility than that of any other witness, merely by virtue of the fact that the testimony comes from a police officer?

14.  Have you or a member of your family ever sued a police officer or the State of Connecticut for any reason?

15.  Have you or a member of your family ever been sued by the State of Connecticut or another governmental agency for any reason?

16.  Do you believe that, merely because the defendants have been accused of violating the plaintiff's constitutional rights, they are probably guilty of some wrongdoing?

17.  If you are selected to sit on this jury, the Court will instruct you on the law which you must apply to the facts of this case as you find them to be.  One of the Court's instructions will inform you that the burden of proof for all material facts rests with the plaintiff.  Do you understand that it is the plaintiff's responsibility to prove every fact essential to his case?

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAREN CHRISEY and,           :        NO. 3:02CV-1399 (JCH)
JEFFREY CHRISEY              :
          *Plaintiffs,*      :

          V.                 :

LYNN M. LEWIS, *et al.,*     :
          *Defendants.*      :        MARCH 1, 2004

## DEFENDANTS' PROPOSED INSTRUCTIONS TO THE JURY

The defendants hereby offer the following proposed instructions to the jury:

## I.  Instructions on 42 U.S.C. § 1983

### The Statute

1.  The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law.  Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

### Purpose of Statute

2.  Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state

officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

**Authority:** *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

### Burden of Proof

3.  I shall shortly instruct you on the elements of plaintiff's section 1983 claim, and on the elements of defendant's affirmative defenses.

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence.  If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

The defendant has the burden of proving each element of his affirmative defenses.  I shall shortly instruct you on the elements of these defenses.  If you find that any one of the elements of defendant's defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

**Authority:** *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

2

**Elements of a Section 1983 Claim**

4.  To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

*Authority: Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

**First Element - Action Under Color of State Law**

**Definition**

5.  The first element of the plaintiff's claim is that the defendant acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia).  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

3

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's actions were made possible by virtue of state law.

**Authority:** *Adickes v. S.H. Kress Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Screws v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *United States v. Classic,* 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); *Hague v. C.I.O.,* 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); *Home Telephone & Telegraph Co. v. City of Los Angeles,* 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); *Ex parte Virginia,* 100 U.S. 339, 25 L.Ed. 676 (1880).

6.  The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state officer.

**Authority:** *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Stengel v. Belcher,* 522 F.2d 438 (6th Cir. 1975); *cert. denied,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed. 269 (1976).

## Second Element - Deprivation of Right

## False Arrest - Without a Warrant

7.  The second element of the plaintiffs' claims is that they were deprived of a federal right by the defendants.  The plaintiffs claim that their arrest by the defendants was unlawful and, as such, violated their rights under the Fourth Amendment to the U.S. Constitution as applied to the states through the Fourteenth Amendment to the U.S. Constitution.

There is no constitutional requirement that, as a prerequisite to a lawful arrest, an officer

obtain a warrant. Nor does the Constitution require a police officer to perform an error-free

investigation in support of every arrest that he/she makes. The Constitution does not guarantee

that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every

defendant acquitted of an offense for which he/she was tried, and for every suspect who was

arrested and later released.

The existence of probable cause is the sole criteria for a lawful arrest under the Fourth

Amendment. Probable cause exists where all of the facts and circumstances within an officer's

knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing,

in the circumstances shown, that the person to be arrested committed an offense. The quantum

of evidence required to establish probable cause need not reach the level of evidence necessary

to support a conviction. However, the evidence supporting an officer's determination of probable

cause must constitute more than rumor, suspicion, or even a strong reason to suspect a particular

individual of having violated the law.

Any determination of whether probable cause to effect a particular arrest existed must be

founded upon an analysis of the "totality-of-the-circumstances" surrounding the particular arrest

in question. In making a determination of whether probable cause existed, you must consider all

of the facts available to the police at the time of the arrest and immediately before it. Thus, the

information upon which an officer may properly rely in determining whether probable cause to

effect an arrest exists is not limited only to those facts of which the officer has personal

knowledge. A determination of probable cause may be based on hearsay information obtained

from other police officers, or from a reliable third party, such as an anonymous informant whose

information can be independently corroborated.  It is the collective knowledge of the law enforcement organization as a whole, and not merely the information possessed by the arresting officer which must be considered in taking into account the totality-of-the-circumstances when considering whether a particular arrest was based upon probable cause.

**Authority:**  *United States v. Hensley,* 469 U.S. 221, 231, 105 S.Ct. 675, 682, 83 L.Ed. 2d 604 (1985); *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Baker v. McCollan,* 443 U.S. 137, 142-43, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979); *Michigan v. Difillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979); *Dunaway v. New York,* 442 U.S. 200, 208 & n. 9, 99 S.Ct. 2248, 2254 & n. 9, 60 L.Ed.2d 824 (1979); *Gerstein v. Pugh,* 420 U.S. 103, 111, 95 S.Ct. 854, 862, 43 L.Ed.2d 54 (1975); *Wong Sun v. United States,* 371 U.S. 471, 479, 83 S.Ct. 407, 412, 9 L.Ed.2d 441 (1963); *Henry v. United States,* 361 U.S. 98, 100-101, 80 S.Ct. 168, 170, 4 L.Ed.2d 134 (1959); *Draper v. United States,* 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959); *Lowth v. Town of Cheektowaga,* 82 F.3d 563, 569 (2d Cir. 1996); *United States v. Fisher,* 702 F.2d 372, 375 (2d Cir. 1983); *United States ex rel. LaBelle v. LaVallee,* 517 F.2d 750, 753, (2d Cir. 1975); *Mulligan v. Rioux,* 229 Conn. 716, 743, 643 A.2d 1226 (1994).

### No Duty to Continue Investigation
### Once Probable Cause is Established

8.  Once a police officer has probable cause to arrest, he has no continuing duty to go on and exhaust all possible avenues of investigation.  Because probable cause does not require the police to be certain that subsequent prosecution of the arrestee will be successful, it is of no consequence that a more thorough or more probing investigation might have cast doubt upon the

situation. The constitution does not require a police officer, possessed of probable cause, to explore and eliminate every theoretically plausible claim of innocence before making an arrest.

Police officers who have probable cause to arrest also have no affirmative duty to hear and consider conflicting versions of the alleged offense presented by the suspect. The fact that the person to be arrested, if he had been asked, might have denied the allegation of wrongdoing is of no significance to a police officer's formulation of probable cause. There is no requirement that an officer otherwise possessed of probable cause to arrest an individual must question and weigh the suspects' version of the incident prior to making the arrest. Although police officers must exercise judgment in assessing the existence or non-existence of probable cause in any given situation, they are not required to arbitrate the matter with the suspect.

**Authority:** *Baker v. McCollan,* 443 U.S. 137, 145-46, 99 S.Ct. 2689, 2695-96, 61 L.Ed.2d 433 (1979); *Krause v. Bennett,* 887 F.2d 362, 371 (2d Cir. 1989); *Ricciuti v. N.Y.C. Transit Authority,* 124 F.3d 123, 128 (2d Cir. 1997); *Franco-de Jerez v. Burgos,* 876 F.2d 1038, 1041 (1st Cir, 1989); *Dirienzo v. United States,* 690 F.Supp. 1149, 1157 (D.Conn. 1988); *McBride v. City of New Haven,* 2000 U.S. Dist. LEXIS 15964 (D.Conn. 2000).

### Objective Standard for Probable Cause

9. The existence or non-existence of probable cause is to be judged by using an objective standard. Therefore, an officer's subjective feelings toward a person to be arrested are irrelevant to the question of whether there existed probable cause to arrest that individual. An arrest is constitutionally valid if probable cause to arrest objectively existed at the time of the arrest, even if the officer may have subjectively believed that probable cause did not exist.

**Authority:** *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989); *Peters v. New York,* 392 U.S. 40, 66-67, 88 S.Ct. 1889, 1904-05, 20 L.Ed.2d 917 (1968), *cited with favor in Florida v. Royer,* 460 U.S. 491, 507, 103 S.Ct. 1319, 1329, 75 L.Ed.2d 229 (1983).

## Probable Cause and

## Family Violence Offenses

10.  Normally, a police officer may exercise his professional judgment in determining whether an arrest is warranted under any particular set of circumstances, even if he believes that probable cause exists for such an arrest.  Under Connecticut law, however, whenever a peace officer determines upon speedy information that a family violence crime has been committed within such officer's jurisdiction, such officer shall arrest the person or persons suspected of its commission and charge such person or persons with the appropriate crime.  The decision to arrest and charge shall not (1) be dependent on the specific consent of the victim, (2) consider the relationship of the parties, or (3) be based solely on a request by the victim.  "Family violence" means an incident resulting in physical harm, bodily injury or assault, or an act of threatened violence that constitutes fear of imminent physical harm, bodily injury or assault between family or household members.  Verbal abuse or argument does not constitute family violence unless there is present danger and the likelihood that physical violence will occur. The term "family or household member" includes spouses, former spouses;  parents and their children;  persons eighteen years of age or older related by blood or marriage;  persons sixteen years of age or older presently residing together or who have resided together; and persons who have a child in common regardless of whether they are or have been married or have lived together at any time.

**Authority:**  Connecticut General Statutes §§ 46b-38a and 46b-38b.

### Probable Cause - The Particular Offenses Charged

10.  In this case, the defendants charged the plaintiffs with disorderly conduct.  If you find that the defendants possessed probable cause to arrest the plaintiff for disorderly conduct, then you may not find that the defendants violated the plaintiff's constitutional rights.  With regard to the particular offense charged, Connecticut law provides, in relevant part, as follows:

**§ 53a-182. Disorderly conduct:  Class C misdemeanor**

 (a) A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person:  (1) Engages in fighting or in violent, tumultuous or threatening behavior;  or (2) by offensive or disorderly conduct, annoys or interferes with another person;  or (3) makes unreasonable noise ….

### Probable Cause to Arrest for
### Other Offenses Not Charged

11.  Even where you find that there existed, at the time of the arrest, no probable cause to arrest the plaintiff for one or more of the charged offenses, his claim for violation of his rights under the Fourth Amendment must still fail if there existed probable cause to arrest him for any other offense, including offenses with which he was not charged.  A police officer need not actually have had the crime for which probable cause to arrest existed in mind at the time of the arrest.  Rather, the question for you to determine is whether the conduct that served as the basis for the charge for which there was no probable cause could, in the eyes of a similarly situated reasonable officer, also have served as the basis for a charge for which there was probable cause. In this regard, you must also consider whether probable cause may have existed to arrest the plaintiff for the following offense:

### § 53a-61. Assault in the third degree:  Class A misdemeanor

 (a) A person is guilty of assault in the third degree when:  (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person;  or (2) he recklessly causes serious physical injury to another person;  or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon.

If you find that, despite the fact that the plaintiffs were not actually arrested for committing this offense, probable cause existed to support such an arrest, then you may not find that a defendant violated the plaintiff's constitutional rights under the Fourth Amendment by arresting him in the absence of probable cause.

**Authority:**  *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Sabir v. Jowett,* 214 F.Supp.2d 226, 240 (D.Conn. 2002), *citing Avery v. King,* 110 F.3d 12 (6th Cir. 1997); *Biddle v. Martin,* 992 F.2d 673 (7th Cir. 1993); *Pfannstiel v. City of Marion,* 918 F.2d 1178 (5th Cir. 1990); *Gassner v. Garland,* 864 F.2d 394 (5th Cir. 1989); *United States v. Rambo,* 789 F.2d 1289 (8th Cir. 1986).

### <u>Outcome of Charges – Dismissal</u>

12.  One of the necessary elements that a plaintiff must prove in a civil rights action in which it is claimed that an arrest was made without probable cause is that the criminal charges were resolved in his favor.  Thus, a person who thinks that there is not even probable cause to believe he committed the crime(s) with which he is charged must prove that he pursued the criminal case to an acquittal or an unqualified dismissal, or else waive his § 1983 claim. The fact that the criminal charges against the plaintiff were resolved in his favor, however, does not end the inquiry concerning whether there existed probable cause to support the underlying arrest.  A

judge or prosecutor may dismiss criminal charges for any reason or for no stated reason.  You should not speculate as to why the charges against the plaintiff were dismissed. Such a dismissal of the criminal charges against the plaintiff is not determinative of whether probable cause existed for his arrest.  Not every arrest on probable cause will result in a conviction, nor should it.  We expect police to react rapidly to complaints of a possible crime.  Indeed, that expectation is what underlies the doctrine of probable cause.  Police work is difficult enough without imposing unreasonable demands of perfection on every judgment officers are expected to make in ambiguous circumstances.

In determining whether probable cause existed to support the arrest, you must look only at the information in the possession of the arresting officer at the time of the arrest.  You must make an independent determination as to whether the information possessed by the defendants at the time of the plaintiff's arrest was sufficient to establish probable cause to support that arrest.

In order to satisfy the requirement for an "unqualified dismissal," it is sufficient if the plaintiff was discharged without a trial under circumstances amounting to an abandonment of the prosecution without request or arrangement with him.  A criminal defendant has not obtained a favorable termination of a criminal proceeding where the outcome is inconsistent with the innocence of the accused.  A termination is not favorable, for example, where a prosecution ends because of a compromise with the accused.  Thus, where a plaintiff has negotiated with the prosecuting authority for the dismissal of charges against him, and has provided or agreed to provide some consideration in return, you may find that the charges in question were not pursued to an "unqualified dismissal," and that the plaintiff has failed to carry his burden of proof as to this element of his claim.

**Authority:** *Rogers v. City of Amsterdam,* 303 F.3d 155  (2d Cir. 2002); *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 116-117 (2d Cir. 1995); *Tomczak v. Town of Barnstable,* 901 F.Supp. 397, 403-04 (D.Mass. 1995); *O'Neill v. Town of Babylon,* 986 F.2d 646, 650 (2d Cir. 1993); *Roesch v. Otarola,* 980 F.2d 850 853 (2d Cir. 1992); *Haynes v. City of New London,* 2002 U.S. Dist. LEXIS 10366 (D.Conn. 2002).

### Second Element - Deprivation of Right
### Malicious Prosecution

13.  A Section 1983 malicious prosecution claim requires two inquiries (1) whether a defendant's conduct was tortious under state law, and (2) whether a plaintiff's injuries resulted from a deprivation of liberty guaranteed by the Fourth Amendment.

As for the first inquiry -- whether a defendant's conduct was tortious under state law -- to make out a claim for malicious prosecution under Connecticut law, the plaintiffs must demonstrate four elements; that (1) the defendants initiated a prosecution against plaintiffs, (2) without probable cause, (3) the proceeding was begun with malice, and (4) the matter terminated in the plaintiffs' favor.  As to the first element, here, it is not disputed that the defendants initiated a prosecution against the plaintiffs by arresting them and charging them with a crime.  As to the second element, however, as with a false arrest claim, a finding that  probable cause existed to support such an arrest will defeat the plaintiffs' claim for malicious prosecution and entitle the defendants to judgment.  With regard to the third element, in a malicious prosecution action, the defendants are said to have acted with 'malice' if they acted primarily for an improper purpose; that is, for a purpose other than that of securing the proper adjudication of the criminal charges placed against the plaintiffs, such as the desire to occasion expense to the other party.

Finally, as for the fourth element, while plaintiffs need not prove actual innocence in order to satisfy the favorable termination prong of a malicious prosecution action, the absence of a conviction is not itself a favorable termination. On the other hand, it is not necessary that the accuseds should have been acquitted. A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim. In order to satisfy the requirement for an "unqualified dismissal," it is sufficient if the plaintiffs were discharged without a trial under circumstances amounting to an abandonment of the prosecution without request or arrangement with them. A criminal defendant has not obtained a favorable termination of a criminal proceeding where the outcome is inconsistent with the innocence of the accused. A termination is not favorable, for example, where a prosecution ends because of a compromise with the accused. Thus, where a plaintiff has negotiated with the prosecuting authority for the dismissal of charges against him, and has provided or agreed to provide some consideration in return, you may find that the charges in question were not pursued to an "unqualified dismissal," and that the plaintiffs have failed to carry their burden of proof as to this element of their malicious prosecution claim.

As for the second inquiry, the Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person; *i.e.,* the right to be free of unreasonable or unwarranted restraints on personal liberty. Therefore, a plaintiff asserting a Fourth Amendment malicious prosecution claim must show some deprivation of liberty consistent with the concept of seizure. Additionally, since the gist of a claim for

13

malicious prosecution is abuse of the judicial process, a plaintiff pursuing such a claim must also

show that the seizure resulted either from the initiation or pendency of judicial proceedings.

**Authority:**  *Rogers v. City of Amsterdam,* 303 F.3d 155  (2d Cir. 2002); *Rohman v. New*

*York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000); *Singer v. Fulton County Sheriff*, 63

F.3d 110, 116-117 (2d Cir. 1995); *Roesch v. Otorala,* 980 F.2d 850, 853 (2d Cir. 1992); *Haynes*

*v. City of New London,* 2002 U.S. Dist. LEXIS 10366 (D.Conn. 2002); *Weinstock v. Wilk,* 296 F.

Supp. 2d 241 (D.Conn. 2003); 3 Restatement (Second), Torts § 676.

### Third Element:  Causation

### Proximate Cause - Generally

14.  The third element which plaintiffs must prove is that each defendant's acts were a

proximate cause of the injuries allegedly sustained by the plaintiffs.  Proximate cause means that

there must be a sufficient causal connection between the act or omission of each defendant and

any injury or damage allegedly sustained by the plaintiff.  An act or omission is a proximate

cause if it was a substantial factor in bringing about or actually causing injury; that is, if the

injury or damage was a reasonably foreseeable consequence of each defendant's act or omission,

it was proximately caused by such act or omission.  In other words, if a defendant's act or

omission had such an effect in producing the injury that reasonable persons would regard it as

being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiffs must show by a preponderance

of the evidence that such injury would not have occurred without the conduct of each of the

defendants.  If you find that any defendant has proved, by a preponderance of the evidence, that

the plaintiff complains about an injury which would have occurred even in the absence of that

defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which intervenes or supersedes the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

**Authority:** *Graham v. Western Line Consolidated School District,* 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Mt. Healthy City School District Board of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

**III.  Instructions on Damages**

**Consider Damages Only if Necessary**

15.  If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

*Authority: Eulo v. Deval Aerodynamics, Inc.,* 47 F.R.D. 35 (E.D. Pa. 1969) *modified on other grounds,* 430 F.2d 325 (3d Cir. 1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); *Krieger v. Bausch,* 377 F.2d 398 (10th Cir. 1967).

## **Multiple Claims - Multiple Defendants**

16.  I have two more cautionary instructions before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim - he is only entitled to be made whole again, not to recover more than he lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each of the federal constitutional claims that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim.  Although there are four (4) defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well.  Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants.  If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

16

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of ongoing damages. If you decide that two or more (both) of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

<u>**Nominal Damages**</u>

17. If you return a verdict for the plaintiff on a claim, but find that the plaintiff has failed to prove by a preponderance of the evidence that she has suffered any actual damages on that claim, then you must return an award of damages in some nominal amount such as one dollar. Nominal damages must be awarded when the plaintiff has been deprived of a constitutional right by the defendant, but has suffered no actual damage as a natural consequence of that deprivation.

**Authority:** Adapted from 5 Hon. Leonard B. Sand, *et al., Modern Jury Instructions,* Instruction 87-88 (September 1997); *Gibeau v. Nellis,* 18 F.3d 107 (2d Cir 1994).

<u>**Compensatory Damages**</u>

18. The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you

must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole - that is, to compensate him for the damage that he has suffered. (If applicable: Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a defendant's conduct).

I remind you that you may award compensatory damages only for injuries that a plaintiff proved were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the near future. You may not award compensatory damages against the defendants for conduct you find to have been merely negligent.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

*Authority: Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 51 S.Ct. 248,, 75 L.Ed. 544 (1931); *Kinty v. United Mine Workers of America,* 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); *Northwestern National Casualty Co. v. McNulty,* 307 F.2d 432 (5th Cir. 1962); *U.C. Castings Co. v. Knight,* 754 F.2d 1363 (7th Cir. 1985); *Luria Brothers & Co., Inc. v. Pielet Brothers Scrap Iron Metal, Inc.,* 600 F.2d 103 (7th Cir. 1979); Connecticut Law of Torts, 3d Ed. § 174; *Markey v. Santangelo,* 195 Conn. 76, 485 A.2d 1305 (1985).

## Mitigation of Damages

19.  In considering damages to award to the plaintiffs, you must determine whether the plaintiffs could have done something to lessen the harm that they suffered.  The burden is on the defendants to prove, by a preponderance of the evidence, that the plaintiffs could have lessened the harm that was done to them, and that they failed to do so.  If the defendants convince you that the plaintiffs could have reduced the harm done to them but failed to do so, the plaintiffs are entitled only to damages sufficient to compensate them for the injury that they would have suffered if they had taken appropriate action to reduce the harm done to them.

*Authority:*  Adapted from 5 Hon. Leonard B. Sand,  *et al., Modern Jury Instructions,* Instructions 87-34 and 87-90 (September 1997).

## Punitive Damages

20.  If you award the plaintiffs actual damages, then you may also make them a separate and additional award of exemplary or punitive damages.  You may also make an award of punitive damages even though you find that plaintiffs have failed to establish actual damages. Punitive damages are awarded in the discretion of the jury, to punish a defendant for extreme or

outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiffs punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal laws of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that a defendant acted with malicious intent to violate plaintiffs' federal rights or unlawfully injure them or if you find that a defendant acted with a callous or reckless disregard of the plaintiffs' rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

You may not award punitive damages against the defendants for conduct you find to have been merely negligent.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter a defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

*Authority:* *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Vasbinder v. Ambach,* 926 F.2d 1333 (2d Cir. 1991); *Abraham v. Pekarski,* 728 F.2d 167 (3d Cir. 1984); *Longoria v. Wilson*, 730 F.2d 300 (5th Cir. 1984); *Lee v. Southern Homes Sites Corp.,* 429 F.2d 290 (5th Cir. 1970); *Walker v. Norris,* 917 F.2d 1449 (6th Cir. 1990); *Bogan v. Stroud,* 958 F.2d 180 (7th Cir. 1992); *Crawford v. Garnier,* 719 F.2d 1317 (7th Cir. 1983); *Cunningham v. City of Overland,* 804 F.2d 1069 (8th Cir. 1986); *Wade v. Haynes,* 663 F.2d 778 (8th Cir. 1981), *aff'd sub nom., Smith v. Wade,* 461 U.S. 30 (1983); *Kennedy v. Los Angeles Police Department,* 901 F.2d 702 (9th Cir. 1990); *Green v. Johnson,* 977 F.2d 1383 (10th Cir. 1992); *Jolivet v. Deland,* 966 F.2d 573 (10th Cir. 1992); *Glover v. Alabama Dept. of Corrections,* 734 F.2d 691 (11th Cir. 1984); Connecticut Law of Torts, 3d Ed., § 174; *Markey v. Santangelo,* 195 Conn. 76, 485 A.2d 1305 (1985).

## IV. **Special Verdict With Interrogatories**

21.  When you retire to the jury room to conduct your deliberations, I will ask you to record your findings on a special verdict form which the clerk will provide for you.  The special verdict form contains a number of interrogatories to which you are asked to respond either "YES" or "NO."  You should carefully follow the instructions contained on the special verdict form, and answer only those interrogatories which are necessary in order for you to conclude your deliberations.  On the other hand, you should answer each and every one of the interrogatories on the special verdict form except where the instructions indicate otherwise.

22

Your response to each interrogatory must be unanimous, and must reflect the conscientious judgment of each juror.

Should you need to reach the damages issue, the special verdict form also contains appropriate spaces in which you are asked to record the amount of damages to be awarded. As with your answers to each of the questions contained on the form, your award of damages, if any, must be unanimous and must reflect the conscientious judgment of each juror.

**Authority:**  Adapted from Modern Federal Jury Instructions § 78.01, Instruction No. 78-8 (1993).

## ADDITIONAL REQUESTS

The parties respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAREN CHRISEY and,                    :        NO. 3:02CV-1399 (JCH)
JEFFREY CHRISEY                       :
     *Plaintiffs,*                    :

     V.                              :

LYNN M. LEWIS, *et al.,*               :
     *Defendants.*                   :        MARCH 1, 2004

<u>**DEFENDANTS' PROPOSED**</u>
<u>**SPECIAL VERDICT FORM**</u>
(<u>**Interrogatories**</u>)

## I. <u>LIABILITY</u>

### A. False Arrest - Defendant Kevin Anderson as to Plaintiff Karen Chrisey:

1.  Do you find that the plaintiff, Karen Chrisey, has proven by a preponderance of the evidence that the defendant, Kevin Anderson, unlawfully arrested her without probable cause?

        [ ] YES                    [ ] NO

2.  If you answered "yes" to interrogatory no. A-1, then do you find that the unlawful conduct on the part of the defendant, Kevin Anderson, was the proximate cause of injury to this plaintiff?

        [ ] YES                    [ ] NO

(If you answered "no" to interrogatory no. A-2, skip to the next section).

3.  If you answered "yes" to both interrogatories A-1 and A-2 above, do you find that, even though the defendant, Kevin Anderson, unlawfully arrested this plaintiff without probable cause, he is nonetheless entitled to qualified immunity for his actions?

        [ ] YES                    [ ] NO

(If you answered "yes" to both interrogatories no. A-1 and A-2, but "no" to interrogatory A-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.B below).

**B.  Malicious Prosecution - Defendant Kevin Anderson as to Plaintiff Karen Chrisey:**

1.  Do you find that the plaintiff, Karen Chrisey, has proven by a preponderance of the evidence that the defendant, Kevin Anderson, maliciously prosecuted this plaintiff?

[ ] YES                    [ ] NO

2.  If you answered "yes" to interrogatory no. B-1, then do you find that the unlawful conduct on the part of the defendant, Kevin Anderson, was the proximate cause of injury to this plaintiff?

[ ] YES                    [ ] NO

(If you answered "no" to interrogatory no. B-2, skip to the next section).

3.  If you answered "yes" to both interrogatories B-1 and B-2 above, do you find that, even though the defendant, Kevin Anderson, maliciously prosecuted this plaintiff, he is nonetheless entitled to qualified immunity for his actions?

[ ] YES                    [ ] NO

(If you answered "yes" to both interrogatories no. B-1 and B-2, but "no" to interrogatory B-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.C below).

**C.  False Arrest - Defendant Kevin Anderson as to Plaintiff Jeffrey Chrisey:**

1.  Do you find that the plaintiff, Jeffrey Chrisey, has proven by a preponderance of the evidence that the defendant, Kevin Anderson, unlawfully arrested him without probable cause?

[ ] YES                    [ ] NO

2

2.  If you answered "yes" to interrogatory no. C-1, then do you find that the unlawful conduct on the part of the defendant, Kevin Anderson, was the proximate cause of injury to this plaintiff?

[ ]  YES                    [ ]  NO

(If you answered "no" to interrogatory no. C-2, skip to the next section).

3.  If you answered "yes" to both interrogatories C-1 and C-2 above, do you find that, even though the defendant, Kevin Anderson, unlawfully arrested this plaintiff without probable cause, he is nonetheless entitled to qualified immunity for his actions?

[ ]  YES                    [ ]  NO

(If you answered "yes" to both interrogatories no. C-1 and C-2, but "no" to interrogatory C-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.D below).

**D.  Malicious Prosecution - Defendant Kevin Anderson as to Plaintiff Jeffrey Chrisey:**

1.  Do you find that the plaintiff, Jeffrey Chrisey, has proven by a preponderance of the evidence that the defendant, Kevin Anderson, maliciously prosecuted this plaintiff?

[ ]  YES                    [ ]  NO

2.  If you answered "yes" to interrogatory no. D-1, then do you find that the unlawful conduct on the part of the defendant, Kevin Anderson, was the proximate cause of injury to this plaintiff?

[ ]  YES                    [ ]  NO

(If you answered "no" to interrogatory no. D-2, skip to the next section).

3

3. If you answered "yes" to both interrogatories D-1 and D-2 above, do you find that, even though the defendant, Kevin Anderson, maliciously prosecuted this plaintiff, he is nonetheless entitled to qualified immunity for his actions?

[ ] YES                    [ ] NO

(If you answered "yes" to both interrogatories no. D-1 and D-2, but "no" to interrogatory D-3, you may go on to consider damages against this defendant in Part II below. Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.E below).

**E. False Arrest - Defendant David Pandiscia as to Plaintiff Karen Chrisey:**

1. Do you find that the plaintiff, Karen Chrisey, has proven by a preponderance of the evidence that the defendant, David Pandiscia, unlawfully arrested her without probable cause?

[ ] YES                    [ ] NO

2. If you answered "yes" to interrogatory no. E-1, then do you find that the unlawful conduct on the part of the defendant, David Pandiscia, was the proximate cause of injury to this plaintiff?

[ ] YES                    [ ] NO

(If you answered "no" to interrogatory no. E-2, skip to the next section).

3. If you answered "yes" to both interrogatories E-1 and E-2 above, do you find that, even though the defendant, David Pandiscia, unlawfully arrested this plaintiff without probable cause, he is nonetheless entitled to qualified immunity for his actions?

[ ] YES                    [ ] NO

(If you answered "yes" to both interrogatories no. E-1 and E-2, but "no" to interrogatory E-3, you may go on to consider damages against this defendant in Part II below. Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.F below).

4

**F.  Malicious Prosecution - Defendant David Pandiscia as to Plaintiff Karen Chrisey:**

1.  Do you find that the plaintiff, Karen Chrisey, has proven by a preponderance of the evidence that the defendant, David Pandiscia, maliciously prosecuted this plaintiff?

[ ] YES                    [ ] NO

2.  If you answered "yes" to interrogatory no. F-1, then do you find that the unlawful conduct on the part of the defendant, David Pandiscia, was the proximate cause of injury to this plaintiff?

[ ] YES                    [ ] NO

(If you answered "no" to interrogatory no. F-2, skip to the next section).

3.  If you answered "yes" to both interrogatories F-1 and F-2 above, do you find that, even though the defendant, David Pandiscia, maliciously prosecuted this plaintiff, he is nonetheless entitled to qualified immunity for his actions?

[ ] YES                    [ ] NO

(If you answered "yes" to both interrogatories no. F-1 and F-2, but "no" to interrogatory F-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.G below).

**G.  False Arrest - Defendant David Pandiscia as to Plaintiff Jeffrey Chrisey:**

1.  Do you find that the plaintiff, Jeffrey Chrisey, has proven by a preponderance of the evidence that the defendant, David Pandiscia, unlawfully arrested him without probable cause?

[ ] YES                    [ ] NO

5

2.  If you answered "yes" to interrogatory no. G-1, then do you find that the unlawful conduct on the part of the defendant, David Pandiscia, was the proximate cause of injury to this plaintiff?

[ ] YES                    [ ] NO

(If you answered "no" to interrogatory no. G-2, skip to the next section).

3.  If you answered "yes" to both interrogatories G-1 and G-2 above, do you find that, even though the defendant, David Pandiscia, unlawfully arrested this plaintiff without probable cause, he is nonetheless entitled to qualified immunity for his actions?

[ ] YES                    [ ] NO

(If you answered "yes" to both interrogatories no. G-1 and G-2, but "no" to interrogatory G-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.H below).

**H.  Malicious Prosecution - Defendant David Pandiscia as to Plaintiff Jeffrey Chrisey:**

1.  Do you find that the plaintiff, Jeffrey Chrisey, has proven by a preponderance of the evidence that the defendant, David Pandiscia, maliciously prosecuted this plaintiff?

[ ] YES                    [ ] NO

2.  If you answered "yes" to interrogatory no. H-1, then do you find that the unlawful conduct on the part of the defendant, David Pandiscia, was the proximate cause of injury to this plaintiff?

[ ] YES                    [ ] NO

(If you answered "no" to interrogatory no. H-2, skip to the next section).

3. If you answered "yes" to both interrogatories H-1 and H-2 above, do you find that, even though the defendant, David Pandiscia, maliciously prosecuted this plaintiff, he is nonetheless entitled to qualified immunity for his actions?

[ ]  YES                          [ ]  NO

(If you answered "yes" to both interrogatories no. H-1 and H-2, but "no" to interrogatory H-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.I below).

**I.  False Arrest - Defendant Joseph Cusato as to Plaintiff Karen Chrisey:**

1. Do you find that the plaintiff, Karen Chrisey, has proven by a preponderance of the evidence that the defendant, Joseph Cusato, unlawfully arrested her without probable cause?

[ ]  YES                          [ ]  NO

2. If you answered "yes" to interrogatory no. E-1, then do you find that the unlawful conduct on the part of the defendant, Joseph Cusato, was the proximate cause of injury to this plaintiff?

[ ]  YES                          [ ]  NO

(If you answered "no" to interrogatory no. I-2, skip to the next section).

3. If you answered "yes" to both interrogatories I-1 and I-2 above, do you find that, even though the defendant, Joseph Cusato, unlawfully arrested this plaintiff without probable cause, he is nonetheless entitled to qualified immunity for his actions?

[ ]  YES                          [ ]  NO

(If you answered "yes" to both interrogatories no. I-1 and I-2, but "no" to interrogatory I-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.J below).

**J.  Malicious Prosecution - Defendant Joseph Cusato as to Plaintiff Karen Chrisey:**

1.  Do you find that the plaintiff, Karen Chrisey, has proven by a preponderance of the evidence that the defendant, Joseph Cusato, maliciously prosecuted this plaintiff?

[ ]  YES                    [ ]  NO

2.  If you answered "yes" to interrogatory no. J-1, then do you find that the unlawful conduct on the part of the defendant, Joseph Cusato, was the proximate cause of injury to this plaintiff?

[ ]  YES                    [ ]  NO

(If you answered "no" to interrogatory no. J-2, skip to the next section).

3.  If you answered "yes" to both interrogatories J-1 and J-2 above, do you find that, even though the defendant, Joseph Cusato, maliciously prosecuted this plaintiff, he is nonetheless entitled to qualified immunity for his actions?

[ ]  YES                    [ ]  NO

(If you answered "yes" to both interrogatories no. J-1 and J-2, but "no" to interrogatory J-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.K below).

**K.  False Arrest - Defendant Joseph Cusato as to Plaintiff Jeffrey Chrisey:**

1.  Do you find that the plaintiff, Jeffrey Chrisey, has proven by a preponderance of the evidence that the defendant, Joseph Cusato, unlawfully arrested him without probable cause?

[ ]  YES                    [ ]  NO

2.  If you answered "yes" to interrogatory no. K-1, then do you find that the unlawful conduct on the part of the defendant, Joseph Cusato, was the proximate cause of injury to this plaintiff?

8

[ ] YES                         [ ] NO

(If you answered "no" to interrogatory no. K-2, skip to the next section).

3.  If you answered "yes" to both interrogatories K-1 and K-2 above, do you find that, even though the defendant, Joseph Cusato, unlawfully arrested this plaintiff without probable cause, he is nonetheless entitled to qualified immunity for his actions?

[ ] YES                         [ ] NO

(If you answered "yes" to both interrogatories no. K-1 and K-2, but "no" to interrogatory K-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.L below).

**L.  Malicious Prosecution - Defendant Joseph Cusato as to Plaintiff Jeffrey Chrisey:**

1.  Do you find that the plaintiff, Jeffrey Chrisey, has proven by a preponderance of the evidence that the defendant, Joseph Cusato, maliciously prosecuted this plaintiff?

[ ] YES                         [ ] NO

2.  If you answered "yes" to interrogatory no. L-1, then do you find that the unlawful conduct on the part of the defendant, Joseph Cusato, was the proximate cause of injury to this plaintiff?

[ ] YES                         [ ] NO

(If you answered "no" to interrogatory no. L-2, skip to the next section).

3.  If you answered "yes" to both interrogatories L-1 and L-2 above, do you find that, even though the defendant, Joseph Cusato, maliciously prosecuted this plaintiff, he is nonetheless entitled to qualified immunity for his actions?

[ ] YES                         [ ] NO

9

(If you answered "yes" to both interrogatories no. L-1 and L-2, but "no" to interrogatory L-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.M below).

**M.  False Arrest - Defendant Lynn Lewis as to Plaintiff Karen Chrisey:**

1.  Do you find that the plaintiff, Karen Chrisey, has proven by a preponderance of the evidence that the defendant, Lynn Lewis, unlawfully arrested her without probable cause?

> [ ] YES                    [ ] NO

2.  If you answered "yes" to interrogatory no. M-1, then do you find that the unlawful conduct on the part of the defendant, Lynn Lewis, was the proximate cause of injury to this plaintiff?

> [ ] YES                    [ ] NO

(If you answered "no" to interrogatory no. M-2, skip to the next section).

3.  If you answered "yes" to both interrogatories M-1 and M-2 above, do you find that, even though the defendant, Lynn Lewis, unlawfully arrested this plaintiff without probable cause, she is nonetheless entitled to qualified immunity for her actions?

> [ ] YES                    [ ] NO

(If you answered "yes" to both interrogatories no. M-1 and M-2, but "no" to interrogatory M-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.N below).

**N.  Malicious Prosecution - Defendant Lynn Lewis as to Plaintiff Karen Chrisey:**

1.  Do you find that the plaintiff, Karen Chrisey, has proven by a preponderance of the evidence that the defendant, Lynn Lewis, maliciously prosecuted this plaintiff?

> [ ] YES                    [ ] NO

10

2.  If you answered "yes" to interrogatory no. N-1, then do you find that the unlawful conduct on the part of the defendant, Lynn Lewis, was the proximate cause of injury to this plaintiff?

[ ]  YES                    [ ]  NO

(If you answered "no" to interrogatory no. N-2, skip to the next section).

3.  If you answered "yes" to both interrogatories N-1 and N-2 above, do you find that, even though the defendant, Lynn Lewis, maliciously prosecuted this plaintiff, she is nonetheless entitled to qualified immunity for her actions?

[ ]  YES                    [ ]  NO

(If you answered "yes" to both interrogatories no. N-1 and N-2, but "no" to interrogatory N-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.O below).

**O.  False Arrest - Defendant Lynn Lewis as to Plaintiff Jeffrey Chrisey:**

1.  Do you find that the plaintiff, Jeffrey Chrisey, has proven by a preponderance of the evidence that the defendant, Lynn Lewis, unlawfully arrested him without probable cause?

[ ]  YES                    [ ]  NO

2.  If you answered "yes" to interrogatory no. O-1, then do you find that the unlawful conduct on the part of the defendant, Lynn Lewis, was the proximate cause of injury to this plaintiff?

[ ]  YES                    [ ]  NO

(If you answered "no" to interrogatory no. O-2, skip to the next section).

11

3.  If you answered "yes" to both interrogatories O-1 and O-2 above, do you find that, even though the defendant, Lynn Lewis, unlawfully arrested this plaintiff without probable cause, she is nonetheless entitled to qualified immunity for her actions?

[ ] YES                    [ ] NO

(If you answered "yes" to both interrogatories no. O-1 and O-2, but "no" to interrogatory O-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim, and you may move on to Section I.P below.)

**P.  Malicious Prosecution - Defendant Lynn Lewis as to Plaintiff Jeffrey Chrisey:**

1.  Do you find that the plaintiff, Jeffrey Chrisey, has proven by a preponderance of the evidence that the defendant, Lynn Lewis, maliciously prosecuted this plaintiff?

[ ] YES                    [ ] NO

2.  If you answered "yes" to interrogatory no. P-1, then do you find that the unlawful conduct on the part of the defendant, Lynn Lewis, was the proximate cause of injury to this plaintiff?

[ ] YES                    [ ] NO

(If you answered "no" to interrogatory no. P-2, skip to the next section).

3.  If you answered "yes" to both interrogatories P-1 and P-2 above, do you find that, even though the defendant, Lynn Lewis, maliciously prosecuted this plaintiff, she is nonetheless entitled to qualified immunity for her actions?

[ ] YES                    [ ] NO

(If you answered "yes" to both interrogatories no. P-1 and P-2, but "no" to interrogatory P-3, you may go on to consider damages against this defendant in Part II below.  Otherwise, your deliberations are complete as to this plaintiff and this defendant and this claim.

12

## II. DAMAGES

### A. Compensatory Damages As to the Plaintiff Karen Chrisey:

If you have found one or more of the defendants liable to this plaintiff, you may, therefore, award damages against him/her.

1. Do you find that the plaintiff, Karen Chrisey has proved actual damages suffered as the result of the defendants' wrongdoing?

[ ] YES                    [ ] NO

2. If you answered "yes" to interrogatory no. A-1, what amount of money in actual damages is fair and just to compensate this plaintiff for the injuries inflicted upon her by the defendants?

$ _____

3. If you answered "no" to interrogatory no. A-1, you have found that the plaintiff, Karen Chrisey has proved that one or more of the defendants, violated her constitutional rights, but that she failed to prove actual damages. You must, therefore award nominal damages in an amount not to exceed $10.00. Enter that amount below.

$ _____

### B. Compensatory Damages As to the Plaintiff Jeffrey Chrisey:

If you have found one or more of the defendants liable to this plaintiff, you may, therefore, award damages against him/her.

1. Do you find that the plaintiff, Jeffrey Chrisey has proved actual damages suffered as the result of the defendants' wrongdoing?

[ ] YES                    [ ] NO

13

2. If you answered "yes" to interrogatory no. B-1, what amount of money in actual damages is fair and just to compensate this plaintiff for the injuries inflicted upon him by the defendants?

$ _____

3. If you answered "no" to interrogatory no. A-1, you have found that the plaintiff, Jeffrey Chrisey has proved that one or more of the defendants, violated his constitutional rights, but that he failed to prove actual damages. You must, therefore award nominal damages in an amount not to exceed $10.00. Enter that amount below.

$ _____

**C. Punitive Damages:**

1. If you awarded either actual or nominal damages to the plaintiffs above, and keeping in mind the Court's instruction on punitive damages, do you find that one or more of the defendants, should be punished or deterred from future misconduct by an award of punitive damages in addition to that already listed above?

[ ] YES                        [ ] NO

5. What amount of punitive damages is fair and just in order to punish each defendant, or to deter him/her from future misconduct?

As to defendant Kevin Anderson            $ _____

As to defendant David Pandiscia           $ _____

As to defendant Joseph Cusato             $ _____

As to defendant Lynn Lewis                $ _____

Your deliberations are complete.  Please sign and date this form.

_____          _____
                  Foreperson                        Date