UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN CHRISEY and, | : | NO. 3:02CV-1399 (JCH) |
| JEFFREY CHRISEY, | : | |
| *plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| LYNN M. LEWIS, *et al.,* | : | |
| *defendants.* | : | NOVEMBER 29, 2004 |

<u>MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
STATE LAW CLAIMS</u>

This is a civil rights action filed by the plaintiffs, Karen and Jeffrey Chrisey, against

Connecticut State Police Troopers Lynn Lewis, David Pandiscia, Joseph Cusato and Kevin

Anderson.  The plaintiffs claim that the defendants violated their rights to be free form false

arrest and malicious prosecution under the Fourth Amendment to the U.S. Constitution and

Connecticut common law when they arrested them for disorderly conduct following an incident

of domestic violence in their home on the morning of  September 19, 2001.  This motion seeks

the dismissal of the state common law claims on the basis of sovereign immunity and/or

statutory immunity under Connecticut General Statutes § 4-165..

<u>STANDARD OF REVIEW</u>

When considering a Rule 12(b) motion to dismiss, the Court accepts as true all factual

allegations in the complaint and draws inferences from these allegations in the light most

favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40

L.Ed.2d 90 (1974); *Easton v. Sundram*, 947 F.2d 1011, 1014-15 (2d Cir. 1991), *cert. denied*, 504

U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992).  The function of a motion to dismiss is

"merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Younger v. Chernovetz*, 792 F.Supp. 173, 174 (D.Conn. 1992) (quoting *Ryder Energy Distribution v. Merrill Lynch commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984)).  Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  *See Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991).   Thus, in practice, "a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under *some* viable legal theory." *Telectronics Proprietary, Ltd. v. Medtronics, Inc.*, 687 F.Supp. 832, 836 (S.D.N.Y. 1988) (citations omitted).  A complaint which fails to do so is subject to dismissal for having failed to state a claim upon which relief can be granted.

In applying supplemental jurisdiction over pendent state law claims, federal courts must apply state substantive law.  *See, e.g., Promisel v. First Am. Artificial Flowers, Inc.,* 943 F.2d 251, 257 (2d Cir. 1991), *cert. denied,* 502 U.S. 1060, 117 L. Ed. 2d 110, 112 S. Ct. 939 (1992).  Thus, "a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim." *Moodie v. Federal Reserve Bank,* 58 F.3d 879, 884 (2d Cir. 1995).

I.      **THE STATE POLICE DEFENDANTS ARE ENTITLED TO BOTH SOVEREIGN AND STATUTORY IMMUNITY FROM LIABILITY FOR THE STATE COMMON LAW CLAIMS.**

Plaintiffs assert several pendent claims against the state defendants, including false arrest and malicious prosecution in violation of the Connecticut Constitution and common law.[1]  The state defendants are entitled to dismissal of these claims under the common law doctrine of sovereign immunity and the statutory immunity provided by Connecticut General Statutes § 4-165.[2]

In applying supplemental jurisdiction over pendent state law claims, federal courts must apply state substantive law.  *See, e.g., Promisel v. First Am. Artificial Flowers, Inc.,* 943 F.2d 251, 257 (2d Cir. 1991), *cert. denied,* 502 U.S. 1060, 117 L.Ed.2d 110, 112 S.Ct. 939 (1992).  Thus, "a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim."  *Moodie v. Federal Reserve Bank,* 58 F.3d 879, 884 (2d Cir. 1995).

## A.  Sovereign Immunity.

In the instant lawsuit, the plaintiff appears to direct his allegations of wrongdoing only at the defendants in their individual capacities.  *See* Complaint, ¶ 4.  This self-serving representation on the part of the plaintiff is, however, not dispositive of the matter under state law.  In *Miller v. Egan,* 265 Conn. 301, 828 A.2d 549 (2003)*,* the Connecticut Supreme Court recently examined the question of whether a pleading could reasonably be construed to sue a

---

[1]  The defendants are unable to find a sufficient reference to such claims in the complaint and do not, by the filing of this motion, waive their claim that the plaintiffs have not adequately pleaded the subject state law claims of false arrest and malicious prosecution.

[2]  General Statutes § 4-165 provides, in relevant part, as follows:

> **Immunity of state officers and employees from personal liability.** No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment.

series of state defendants in their official capacities despite a claim on the part of the plaintiffs

that the suit was meant only to sue the defendants in their individual capacities.  Recognizing

that, under state jurisprudence, the construction of a pleading was a question of law, over which

it exercised plenary review, the Supreme Court applied the test set forth in *Spring v. Constantino,*

168 Conn. 563, 568, 362 A.2d 871 (9175), to determine in what capacity the defendants had

been sued.  The Court concluded that, based upon the nature of the allegations in the complaint,

the plaintiff had sued the defendants in their official capacities, and that, as such, they were

entitled to sovereign immunity from suit.

       In examining the allegations of the complaint, the Court first observed that "the fact that

the state is not named as a defendant does not conclusively establish that the action is not within

the principle which prohibits actions against the sovereign without its consent …." *Miller*, 265

Conn. at 308, *citing Spring v. Constantino, supra,* at 568.  Rather, the Court observed, "the vital

test is to be found in the essential nature and effect of the proceeding." *Id.*  It then set forth four

criteria to determine whether an action is "in effect, one against the state [which] cannot be

maintained without its consent:  (1) a state official has been sued; (2) the suit concerns some

matter in which that official represents the state; (3) the state is the real party against whom relief

is sought; and (4) the judgment, though nominally against the official, will operate to control the

activities of the state or subject it to liability." *Id.*

       The *Miller* court then went on to reiterate long-standing common law principles

surrounding the application of the doctrine of sovereign immunity:

> We have long recognized the validity of the common-law principle
> that the state cannot be sued without its consent ….  *Horton v.
> Meskill,* 172 Conn. 615, 623, 376 A.2d 359 (1977).  We have also
> recognized that *because the state can act only through its officers*

*and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. Fetterman v. University of Connecticut,* 192 Conn. 539, 550-51, 473 A.2d 1176 (1984) ….

We have held that a plaintiff seeking to circumvent the doctrine of sovereign immunity must show that: (1) the legislature, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity; M*artinez v. Department of Public Safety,* 263 Conn. 74, 85-86, 818 A.2d 758 (2003)]; or (2) in an action for declaratory or injunctive relief, the state officer or officers against whom such relief is sought acted in excess of statutory authority, or pursuant to an unconstitutional statute. *Horton v. Meskill, supra,* 172 Conn. 624 ….

Sovereign immunity rests on the principle and on the hazard that the subjection of the state and federal governments to private litigation might constitute a serious interference with the performance of their functions and with their control over their respective instrumentalities, funds and property. *Pamela B. v. Ment,* 244 Conn. 296, 328, 709 A.2d 1089 (1998). Because a court may tailor declaratory and injunctive relief so as to minimize any such interference, and in order to afford an opportunity for voluntary compliance with the judgment, actions that seek injunctive or declaratory relief against a state officer acting in excess of statutory authority or pursuant to an unconstitutional statute do not conflict with the policies underlying the doctrine of sovereign immunity. *Doe v. Heintz,* 204 Conn. 17, 32, 526 A.2d 1318 (1987) ….

This exception does not apply, however, to claims against the state for monetary damages. *See Krozser v. New Haven,* 212 Conn. 415, 423, 562 A.2d 1080 (1989) (plaintiff seeking money damages against state, alleging that defendant's actions violated his constitutional rights, required to seek waiver of immunity from claims commissioner before bringing action in court); *cert. denied,* 493 U.S. 1036, 110 S.Ct. 757, 107 L.Ed.2d 774 (1990); *Barde v. Board of Trustees,* 207 Conn. 59, 60-61, 539 A.2d 1000 (1988) (treating plaintiff's claims for injunctive relief and money damages separately; as to money damages, plaintiff required to exhaust administrative remedies by proceeding through claims commissioner; as to injunctive relief, plaintiff's claims of constitutional violations not sufficiently established); *Doe v. Heintz, supra,* 204 Conn. 36-37 (sovereign immunity barred

> plaintiff's claims for attorney's fees and costs, despite plaintiff's
> allegations that state officer was acting pursuant to an
> unconstitutional statute); *Fetterman v. University of Connecticut,
> supra,* 192 Conn. 553, (treating claims for monetary damages and
> declaratory relief separately and concluding that counts
> "requesting relief by way of damages" were barred by doctrine of
> sovereign immunity).

*Miller, supra,* 265 Conn. at 313-16. (internal quotations omitted) (emphasis supplied).

Here, it is clear from the Amended Complaint that the State Police defendants, are being sued over matters involving the performance of their official duties on behalf of the State of Connecticut.  In addition, because "a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state," *Miller, supra,* the third prong of the *Miller* test is satisfied.  Finally, if a judgment is entered against the State Police defendants, Connecticut General Statutes §§ 29-8a and 5-141d require that the State of Connecticut indemnify its officers and employees for any monetary damages adjudged.[3]  Having met each of the prongs of the applicable test, the supplementary state law claims must be found to have been

---

[3]   Connecticut General Statutes § 29-8a provides, in pertinent part, as follows:

> (a) The state shall protect and save harmless any state policeman from financial loss and expense,
> including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason
> of the alleged deprivation by such state policeman of any person's civil rights, which deprivation
> was not wanton, reckless or malicious, provided such state policeman, at the time of the acts
> resulting in such alleged deprivation, was acting in the discharge of his duties or within the scope
> of his employment or under the direction of a superior officer.

Connecticut General Statutes § 5-141d provides, in pertinent part, as follows:

> (a) The state shall save harmless and indemnify any state officer or employee, as
> defined in section 4-141, and any member of the Public Defender Services
> Commission from financial loss and expense arising out of any claim, demand,
> suit or judgment by reason of his alleged negligence or alleged deprivation of any
> person's civil rights or other act or omission resulting in damage or injury, if the
> officer, employee or member is found to have been acting in the discharge of his
> duties or within the scope of his employment and such act or omission is found
> not to have been wanton, reckless or malicious.

filed against the State Police defendants in their official capacities (that is, against the "state"), regardless of the plaintiff's representations to the contrary.

Connecticut law recognizes only two situations in which it is unnecessary for a plaintiff to first seek and obtain permission to sue the state from the claims commissioner before filing suit in court. A plaintiff seeking to circumvent the doctrine of sovereign immunity must show that: (1) the legislature, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity; or (2) in an action for declaratory or injunctive relief, the state officer or officers against whom such relief is sought acted in excess of statutory authority, or pursuant to an unconstitutional statute. *Miller, supra,* at 316-17. The burden is on the plaintiff to "show" that his complaint fits within one or both of the enumerated exceptions. *Id.,* at 314. Here, however, the Connecticut legislature has not waived, either explicitly or by force of necessary implication, the state's sovereign immunity. Moreover, it is clear from the Amended Complaint that the plaintiffs do not seek declaratory or injunctive relief, but rather seek monetary damages for their perceived injuries. Nor do they claim that the defendants acted in excess of their statutory authority or pursuant to an unconstitutional statute. As such, the claims against the State Police defendants are properly construed under Connecticut law as having been filed against them in their official capacities -- that is, against the state -- and are barred by the doctrine of sovereign immunity.

**B. <u>Statutory Immunity</u>.**

Having determined that the plaintiff's pendent state law claims against the defendants are barred by the doctrine of sovereign immunity, it is unnecessary to examine whether the claims brought against them are likewise barred by the statutory immunity created by Connecticut

General Statutes § 4-165.  *See Shay v. Rossi,* 253 Conn. 134, 180-81, 749 A.2d 1147 (2000), *overruled in part on other grounds, Miller v. Egan, supra,* 265 Conn. at 325.  However, even assuming *arguendo* that the state law claims were not barred by the doctrine of sovereign immunity, they would nonetheless be barred under § 4-165.

The outcome of the statutory immunity argument is controlled by the decision of the Connecticut Supreme Court in the case of *Martin v. Brady,* 261 Conn. 372, 802 A.2d 814 (2002). In *Martin,* the plaintiff alleged that defendant state police officers conducted an improper search of his home and seizure of his person in violation of his rights under Article 1, §§ 7 and 9 of the Connecticut Constitution.[4]  The sole issue on appeal was whether the defendant State Police officers were entitled to immunity from suit by virtue of statutory, personal immunity under Connecticut General Statutes § 4-165 and, therefore, were not liable to the plaintiff for their alleged acts of misconduct.  *Id.,* 261 Conn. At 373.

In the posture of that case, the Court deemed it necessary, in order to resolve the claim of statutory immunity, to examine the pleadings to decide whether the plaintiff had alleged sufficient facts with respect to personal immunity under § 4-165 to support a conclusion that the defendants were acting outside the scope of their employment or wantonly, recklessly or maliciously.  In *Martin*, the complaint alleged three separate instances of misconduct on the part of the State Police defendants.  The plaintiff alleged:  (1) that the defendants forcibly entered his home without a search warrant, striking him and pushing him to the floor after he submitted to

---

[4]  The plaintiff in *Martin* also argued that suit was authorized against the defendant state police officers arguing that the Connecticut Supreme Court in *Binette v. Sabo*, 244 Conn. 23, 710 A.2d 688 (1998), had recognized a cause of action under article first, § 7 of the Constitution of Connecticut.  *See Martin*, *supra*, 64 Conn. App. 433, 780 A.2d 961 (2001), overruled on other grounds, 261 Conn. 372, 802 A.2d 814 (2002).  The *Martin* court rejected that argument, holding that *Binette* applied only to municipal defendants and did not waive sovereign immunity for state officials.

arrest; (2) that the defendants searched his home pursuant to a search warrant obtained pursuant to a false affidavit; and (3) during the search, smashed windows and broke down doors. *Id.,* at 377.

The Court reasoned that, in order to determine if a state actor's conduct is caused in the discharge of his or her duties or within the granted state authority, it is necessary to examine the nature of the alleged conduct and its relationship to the duties incidental to the employment. *Id.,* at 378. The Court referred to its previous decisions in the cases of *Antinerella v. Rioux,* 229 Conn. 479, 499, 642 A.2d 699 (1994), *overruled in part on other grounds, Miller v. Egan, supra,* 265 Conn. at 325, where it found the defendant's conduct to fall outside the umbrella of immunity because "[t]he defendant's alleged conduct [in soliciting and accepting illegal kickbacks from his deputy sheriffs] was not designed to advance any interest of his employer, the state, and did not serve any legitimate state interest … [being] motivated by purely personal considerations entirely extraneous to his employer's interests," and in *Shay v. Rossi, supra,* at 174, where it determined that "the defendants, individuals employed by the state department of children and families, had acted beyond the scope of their employment when acting 'solely … to justify their own prior unjustified conduct, and not to carry out the government policy with which they were entrusted …,'" in determining that the allegations of improper search and seizure on the part of State Police officers, with which it was presently confronted, unlike the allegations in *Antinerella* and *Shay*, were *not* arguably outside the scope of employment of the police defendants. *Martin, supra,* at 378-79.

The Martin court next considered whether the plaintiff had sufficiently alleged facts so as to cause the defendants' conduct to fall within the statutory exception for "wanton, reckless or

malicious" conduct. Concluding that the plaintiff had failed to carry his burden in this regard, the

Court reasoned as follows:

> we have never definitively determined the meaning of wanton,
> reckless or malicious as used in § 4-165.  In the common-law
> context, however, we have stated:  In order to establish that the
> defendants' conduct was wanton, reckless, willful, intentional and
> malicious, the plaintiff must prove, on the part of the defendants,
> the existence of a state of consciousness with reference to the
> consequences of one's acts . . . . [Such conduct] is more than
> negligence, more than gross negligence. . . . In order to infer it,
> there must be something more than a failure to exercise a
> reasonable degree of watchfulness to avoid danger to others or to
> take reasonable precautions to avoid injury to them. . . . It is such
> conduct as indicates a reckless disregard of the just rights or safety
> of others or of the consequences of the action. . . . [In sum, such]
> conduct tends to take on the aspect of highly unreasonable
> conduct, involving an extreme departure from ordinary care, in a
> situation where a high degree of danger is apparent."  Indeed, in
> some instances, the mere fact that an official has acted in excess of
> his or her authority may suffice to prove that the conduct was
> wanton, reckless or malicious.

*Id.,* at 379 (Internal quotation marks omitted.).  Observing that the facts alleged in the complaint

were not inconsistent with an exercise of the statutory authority provided to the State Police

pursuant to Connecticut General Statutes § 53a-22, the *Martin* Court concluded that there was no

allegation in the complaint from which it could infer that the defendants' conduct was indicative

of such a state of mind or that the conduct rose to such a level of egregiousness necessary to be

considered wanton, reckless or malicious.  *Id.,* at 380.

The foregoing analysis of statutory immunity conducted by the *Martin* court in that case

is similarly dispositive of the allegations of the Complaint herein.  The allegations contained in

the *Martin* complaint and those in the instant lawsuit are virtually indistinguishable.  The

plaintiff's claims of false arrest and malicious prosecution are insufficient to defeat statutory

immunity pursuant to § 4-165.  Indeed, the temporary detention and investigation of a suspect falls squarely within the statutory duties of our state police officers.  Moreover, given the existence of probable cause, Connecticut General Statutes § 46b-38b mandates that a police officer enjoys immunity from liability for such an arrest.[5]  Moreover, the Amended Complaint is devoid of the sorts of allegations which would arguably carry a State Police defendant's alleged conduct outside the scope of his official duties into an area which could reasonably be construed as wanton, reckless or malicious as the meaning of those terms have been interpreted by the Connecticut courts when examining the extent of immunity under § 4-165.  Indeed, if the instant claims were to be held as beyond the scope of a police officer's authority sufficient to overcome the bar of statutory immunity, the doctrine would be diminished to meaningless verbiage.  Such was clearly not the intent of the legislature when it enacted on behalf of state officers and employees sued in their individual capacities the statutory protection from suit contained in § 4-165.

The state defendants are entitled to the cloak of sovereign and statutory immunity on the pendent state law claims.  Accordingly, the plaintiffs are required to file their state law claims before the Claims Commissioner in order to seek and, if possible, obtain a waiver of sovereign and/or statutory immunity.[6]

---

[5]   C.G.S. § 46b-38b provides that, "No peace officer shall be held liable in any civil action regarding personal injury or injury to property brought by any party to a family violence incident for an arrest based on probable cause."

[6]   Indeed, even assuming that the plaintiff obtains a waiver of the State's sovereign or statutory immunity through the process established under Chapter 53 of the Connecticut General Statutes, the waiver of immunity is limited to a trial to the court held in the Superior Courts of the State of Connecticut.  *See* Conn. Gen. Stat. § 4-160.

DEFENDANTS
Lynn Lewis, David Pandiscia, Joseph
Cusato and Kevin Anderson

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By: _____/s/_____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut  06105
Tel. (860) 808-5450
Federal bar #ct05129
E-mail:  stephen.sarnoski@po.state.ct.us

## CERTIFICATION

This is to certify that a copy of the foregoing Motion was mailed, first-class, postage pre-paid, to all pro se parties and/or counsel of record on this the  29th   day of

  November  ,  2004 .

John R. Williams, Esq.
Norman Pattis, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510

_____/s/_____
Stephen R. Sarnoski
Assistant Attorney General