**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KAREN CHRISEY and JEFFREY CHRISEY, | : : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02-cv-1399 (JCH) |
| | : | |
| v. | : | |
| | : | |
| Lynn M. LEWIS, et al. | : | DECEMBER 1, 2004 |
| Defendants. | : | |
| | : | |

**JURY CHARGE**

I.    INTRODUCTION

You have now heard all of the evidence in the case and the final arguments of

counsel.  This brings us to the stage in the trial where you will soon undertake your

final function as jurors.  First, however, it is my duty to instruct you concerning the law

that applies to this case.

You must take the law as I give it to you.  Regardless of any opinion you may

have as to what the law is or ought to be, it would be a violation of your sworn duty to

base a verdict upon any view of the law other than the view instructed by me.  If any

attorney or any witness or any exhibit has stated a legal principle different from one

that I state to you in these instructions, it is my instructions that you must follow.  Any

witness's testimony concerning the law was testimony of his understanding of the law

and is to be considered by you only with regard to his understanding.  It is my

instructions only that establish the law for your deliberations.  You must take the law as

I give it to you.

When you recess to deliberate, you will have a copy of my instructions for your

reference.  You must remember, though, that the instructions as a whole constitute the law of this case; you should not single out any one instruction.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to the particular case under consideration.  The instructions that I now will give are the final and complete instructions.  I believe that everything I am going to tell you now is consistent with the instructions I gave you at the start of the trial, but if you have any doubt, you should not rely on anything different that I may have said in the preliminary instructions.  The instructions I am now giving you must guide your deliberations in this case.

II.    ROLE OF JURORS

In your role as jurors, you must carefully and impartially consider all of the evidence in the case and apply the law as stated by the court to reach a just verdict. As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them. In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without bias, prejudice or sympathy, solely upon the evidence in the case and the applicable law. I know that you will do this and in that way reach a just and true verdict.

You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be. The rulings I have made during the trial are not any indication of my view of what your decision should be as to whether or not a plaintiff

has proven his or her case.  Of course, you will dismiss from your mind completely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing.

I also instruct you to draw no inference from the fact that, upon occasion, I asked questions of or gave instructions to certain witnesses.  These questions and instructions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should render, or as to whether any of the witnesses may have been more or less credible than any other witnesses.

V.    BURDEN OF PROOF

In a civil case such as this case is, the plaintiffs have the burden of proof on proving each element of their claims. In this case, the plaintiffs must prove each element by a preponderance of the evidence.

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received into evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties - that it is equally probable that one side is right as it is that the other side is right - then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of the evidence - he must prove the element at issue by a preponderance of the evidence.

On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof - that what the party claims is more likely true than not true - then that element will have been proved by a preponderance of the evidence.

Some of you may have heard the term "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial. That standard does not apply to a civil case, such as this, and you should not consider it in this case.

VI.    BURDEN OF PROOF - MULTIPLE PARTIES AND CLAIMS

Although there are four defendants, it does not mean that if one defendant is liable to the plaintiff, all defendants are liable.  Each defendant is entitled to fair consideration of a plaintiff's claim against that defendant.  All instructions I give you govern the case as to the claims of a plaintiff as to each defendant individually.

In these instructions, I may at times, for ease of discussion, refer to what each plaintiff, or to what the plaintiffs, must prove in order to prevail as to the defendants. Bear in mind that you must decide the case as to each plaintiff's claim against each defendant individually.  You may not prejudice one defendant because you found another defendant liable.

In addition, I may use he or she or the plaintiff.  When I do so, I am referring to each plaintiff individually.  In this case, it is particularly important to understand that I refer to each of the two plaintiffs individually.  The claims of each plaintiff must be considered individually.

VII.    ROLE OF ATTORNEYS

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law.

All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked the court to rule on the law.

VIII.    MEANING OF "PROVE" AND "FIND"

Throughout these instructions to you, I may use the word "prove" from time to time, with reference to the burden of proof.  I may also speak of your "finding" various facts as to elements of the claims made in this case.  You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence" even if I do not always repeat all of these exact words.  Similarly, when I say that you must "find" a fact in order to return a verdict in favor of the plaintiff or defendant, you must find that fact to have been proven by a preponderance of the evidence even if I simply use the word "find."

IX.    WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

It is the witness's answers and not the lawyer's questions that are evidence. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and then asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. Similarly, if an attorney described a witness's testimony, you should not accept that description as the witness's testimony. It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses. What the lawyers have said in their closing arguments, in their objections, or in their questions is not evidence. What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from what a lawyer says, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict. In certain instances evidence was admitted only for a particular purpose and not generally for all purposes. For the limited purpose for which it has been received, you may give such evidence the weight you decide it deserves. You may not, however, use this evidence for any other

purpose not specifically mentioned by the court.

Exhibits which have been marked for identification may not be considered by you as evidence unless and until they have been received in evidence by the court. Materials brought forth only to refresh a witness's recollection are not evidence. Any proposed testimony or proposed exhibit to which an objection was sustained by the court, and any testimony or exhibit ordered stricken by the court, must be entirely disregarded by you.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence. My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. Finally, anything you may have seen or heard outside the courtroom or while the court was not in session is not evidence and must be entirely disregarded. You are to decide the case solely on the evidence received at trial.

X.    STIPULATIONS

During the trial, the attorneys' arguments, and these instructions, you may have heard references to "stipulations" or that some fact is stipulated.  A stipulation of fact is an agreement among the parties that a certain fact is true.  The effect of a stipulation is to relieve the party with the burden of proving that fact from having to introduce evidence to prove it.  Because the parties have agreed, you are to take such agreed facts as true for purposes of this case.

XI.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he saw, heard, or observed.  In other words, when a witness testifies about something he knows by virtue of his own senses, such as seeing, touching, or hearing, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proved is the existence or content of the exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  Remember my rain example.  On the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  It is not the only conclusion you could reach, nor must you reach that conclusion, but you could do so reasonably and logically.  All there is to circumstantial evidence is that you infer on the basis of reason, experience, and common sense, from established facts—in my example, a weather forecast and people with wet umbrellas and raincoats—the existence or non-existence of some other fact—that it has been raining.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before finding for the plaintiff, the jury must be satisfied that the plaintiff proved his or her case by a preponderance of the evidence based on all of the evidence in the case.

-13-

XII.    INFERENCES

During the trial you have heard the term "inference," and in the attorneys' arguments, they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. In drawing inferences, you should exercise your common sense.

Here again, let me remind you that, whether based upon direct or circumstantial evidence or upon logical, reasonable inferences drawn from such evidence, you must be satisfied that the plaintiff has proven the elements of his claim before you may find for him.

XIII.    WITNESSES

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find the testimony of a single witness more credible than the testimony of a number of witnesses.  Indeed, you may find that the plaintiff has not met his burden of proof even when the defendant calls no witnesses.

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his testimony.  You and you alone are the judges of the credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  When you watched a witness testify, everything a witness said or did on the witness stand counts in your determination.  What impression did the witness give you?  Did he appear to be frank, forthright, and candid, or evasive and edgy as if hiding something?  How did the witness appear?  What was his demeanor, that is, his carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says, but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party. Evidence that a witness is biased, prejudiced, or hostile toward either the defendant or the plaintiff requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny. You should also consider the opportunity the witness had to see, hear, and know the things about which he testified; the accuracy of the witness's memory; his candor or lack of candor; his intelligence or the lack thereof; and the reasonableness and probability of his testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

If you find that any witness, whose testimony you are considering, may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony and accept it with care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons participating in an event or witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is

not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You are not limited to just the factors I have mentioned.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

XIV.   TESTIMONY OF POLICE OFFICERS

Some of the testimony that you have heard has been the testimony of police officers.  The testimony of a police officer is entitled to no greater or no lesser weight than any other witness' testimony.  A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does.  When you consider a police officer's testimony, you should use the same tests for truthfulness that you use with other witnesses.

XV.   IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  If the impeachment results from evidence concerning a prior inconsistent statement, you must keep in mind that you may consider the earlier inconsistent statement only to aid in your decision concerning the credibility of the witness, and not to establish the truth of the earlier statement.

It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.  If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and whether that explanation made sense to you.

XVI.        JURY CAN ACCEPT OR REJECT TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you by a preponderance of the evidence of the existence of an essential element of the offense charged, if you believe that the witness has truthfully and accurately related what in fact occurred.

XVII.   STATEMENT OF THE CASE

This is a civil rights case brought by the plaintiffs, Karen and Jeffrey Chrisey, under 42 U.S.C. section 1983, in which they allege that they were arrested without probable cause and maliciously prosecuted by the defendants.  The Chriseys also claim that the events of September 19, 2001 constitute false arrest and malicious prosecution under state law.  The events took place in their home in Litchfield, Connecticut.

Defendants, Lynn Lewis, David Pandescia, Joseph Cusato, and Kevin Anderson, who are all Connecticut State Police troopers, deny these allegations.

Mr. and Mrs. Chrisey base their claim on the Fourth Amendment of the United States Constitution and Connecticut state law.

XVIII.  42 U.S.C. § 1983

Now, let me turn to the specific claims in this case.  First I will address the claims brought under federal law.  The plaintiffs, Mr. and Mrs. Chrisey, each assert claims pursuant to Section 1983 of Title 42 of the United States Code, which I will refer simply to as "Section 1983."  Section 1983 provides that a person may seek relief in this court by way of damages against anyone, who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States.

A Section 1983 claim has four elements.  In order to prove their claims under Section 1983 against a defendant, a plaintiff must prove, by a preponderance of the evidence, each of the following four elements:

1) that the defendant acted under the color of state authority;

2) that the plaintiff was deprived of one or more of his or her rights secured by the Constitution or laws of the United States;

3) that the defendant committed the acts that caused the plaintiff to be subjected to the deprivation of his or her rights; and

4) that such acts as you find violated a plaintiff's rights were the proximate cause of damages sustained by him or her.

Neither Mr. nor Mrs. Chrisey may recover on a Section 1983 claim against a defendant unless he or she has proven by a preponderance of the evidence each of these elements, which I will now address in detail.

XIX.  FIRST ELEMENT OF A SECTION 1983 CLAIM: UNDER COLOR OF LAW

In order to prove the first element of a Section 1983 claim, a plaintiff must prove that a defendant was acting under the color of state authority, in this case the authority of the State of Connecticut.  Acting under color of law simply means that the activities at issue occurred while a defendant was performing official duties.  Acting under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.  An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and the defendant's action was made possible by virtue of state law.

That this element is present in this case is not contested by either of the parties.  You may take it as proven that, in connection with the relevant incidents, the defendants were acting under color of state law.  In other words, the first statutory requirement is satisfied.

XX.    SECOND ELEMENT OF A SECTION 1983 CLAIM: DEPRIVATION OF
CONSTITUTIONAL RIGHT

In order to prove the second element of a Section 1983 claim, a plaintiff must prove that he was deprived of a right protected by the Constitution or laws of the United States.

When considering whether a defendant's actions deprived a plaintiff of a federal right or rights in this case, it is not necessary for you to find that a police officer defendant had any specific intent to deprive a plaintiff of his or her constitutional rights, or that a defendant acted with malice or ill will toward that plaintiff.  A plaintiff is entitled to relief if a police officer defendant intended the actions that resulted in the violation of that plaintiff's constitutional rights. Whether that defendant acted with subjective good faith is irrelevant.

The plaintiffs allege that one or more of the police officer defendants deprived them of their federal constitutional rights by arresting them without probable cause and maliciously prosecuting them for crimes that the police defendants knew Mr. and Mrs. Chrisey had not committed.  Mr. and Mrs. Chrisey can prove the second element as to a defendant if they prove either one or both of these bases as to that police officer defendant.  Let me now explain these two bases in detail.

-24-

XXI. ARREST WITHOUT PROBABLE CAUSE

Mr. and Mrs. Chrisey each claim that they were unlawfully arrested on September 19, 2001, without probable cause to believe that they committed an offense or crime. Under the United States Constitution, no person may be arrested without probable cause for such an arrest. This means that a police officer must have information that would lead a reasonable person, who possesses the same official expertise as the officer, to conclude that the person being arrested has committed or is about to commit a crime, whether in the police officer's presence or otherwise.

Mr. Chrisey asserts that he was unlawfully arrested by Trooper Pandiscia. Mrs. Chrisey asserts that she was unlawfully arrested by Trooper Lewis. In addition, each plaintiff claims that the remaining three – for Mr. Chrisey, Trooper Lewis, Cusato, and Anderson and for Mrs. Chrisey, Troopers Pandiscia, Cusato, and Anderson – officers are similarly liable for unlawful arrest because they had a duty to intervene and prevent the unlawful arrest. An officer, while not violating a person's constitutional rights himself, may still be held liable for the illegal actions of another officer. Police officers have an affirmative duty to stop others from violating people's constitutional rights. If you find that a defendant falsely arrested a plaintiff, and that another defendant or defendants knew or should have known that a constitutional violation was occurring, had a realistic opportunity to intervene, and did nothing to prevent such illegal conduct, then you may find the latter defendant or defendants liable for the unlawful acts of the former officer or officers.

For example, if you find that an officer falsely arrested one of the plaintiffs, then

if a second defendant knew or should have known that that the first officer's conduct violated the plaintiff's constitutional rights, had a realistic opportunity to intervene, and did nothing to prevent or stop such behavior, the second defendant would also be liable.

The Fourth Amendment prohibits the police from carrying out unreasonable seizures. An arrest is a "seizure" within the meaning of the Fourth Amendment. Under the Fourth Amendment, an arrest may be made only when a police officer has probable cause to believe that the person arrested has engaged in criminal conduct. An arrest without probable cause is an unreasonable seizure.

The critical question for you to decide is whether a plaintiff's arrest on September 19, 2001 was lawful. Whether the arrest was lawful depends upon whether the defendant police officers had probable cause to believe that Mr. or Mrs. Chrisey were committing the offense of disorderly conduct.

In this case, the defendant police officers did not have an arrest warrant. An arrest without an arrest warrant is presumptively unlawful. Whether the arrest was unlawful depends on whether the defendant police officers had "probable cause" to believe that the plaintiff was committing or had committed a crime. If they did, then the arrest is lawful.

What does the law mean by probable cause? The evidence supporting an officer's determination of probable cause must constitute more than rumor, suspicion, or even a strong reason to suspect a particular individual of having violated the law. However, probable cause does not need to be proof beyond a reasonable doubt or

proof sufficient to convict. Probable cause exists when the facts and circumstances within the knowledge of the police officer at the time the arrest was made were sufficient to warrant a police officer of reasonable prudence to believe that an offense or a crime was being committed by the person arrested in the presence of the arresting officer. This determination is made on the basis of the totality of the circumstances viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest.

Each plaintiff, Mr. and Mrs. Chrisey, has the burden of establishing by a preponderance of the evidence that he or she was arrested without probable cause. If probable cause existed for the arrest, then that plaintiff was not subjected to an unreasonable seizure.

In order for you to determine whether the defendant police officers had probable cause to arrest a plaintiff for the charge made against that plaintiff, I shall instruct you as to the elements of the crime that the plaintiffs were initially charged with committing when they were arrested.

The crime that both Mr. and Mrs. Chrisey were charged with was disorderly conduct. Under Connecticut state law, a person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person; or (3) makes unreasonable noise.

Even if you find that at the time of the arrest there was insufficient probable

cause to arrest the plaintiff for disorderly conduct, that plaintiff's unlawful arrest claim must fail if you find that there existed probable cause to arrest the plaintiffs for any related charge as well, even though they were not charged with it.  In this regard, you must also consider whether probable cause may have existed to arrest the plaintiffs for the following offense: Assault in the third degree, a Class A misdemeanor.  A person is guilty of assault in the third degree when with intent to cause physical injury to another person, he causes such injury to such person or to a third person.  You should not consider any other crimes other than disorderly conduct or assault in the third degree.

You have heard testimony about the Connecticut Family Violence Act.  I will not instruct you on that law because it does not affect your consideration of the plaintiffs' claims in this case.  You should not consider as instruction on the law any testimony in which a witness describes his or her understanding of this Act.

The relevant inquiry here is whether there was probable cause to believe a crime had been committed.  If the state troopers did not have probable cause to arrest, the arrest was unlawful.

Once a police officer has probable cause to arrest, he has no continuing duty to exhaust all possible avenues of investigation. Because probable cause does not require the police to be certain that subsequent prosecution of the arrestee will be successful, it is of no consequence that a more thorough or more probing investigation might have cast doubt upon the situation. The constitution does not require a police officer, possessed of probable cause, to explore and eliminate every theoretically

plausible claim of innocence before making an arrest.

Police officers who have probable cause to arrest also have no affirmative duty to hear and consider conflicting versions of the alleged offense presented by the suspect. The fact that the person to be arrested, if he had been asked, might have denied the allegation of wrongdoing is of no significance to a police officer's formulation of probable cause. There is no requirement that an officer otherwise possessed of probable cause to arrest an individual must question and weigh a suspect's version of the incident prior to making the arrest. Although police officers must exercise judgment in assessing the existence or non-existence of probable cause in any given situation, they are not required to arbitrate the matter with the suspect.

Whether a defendant police officer had probable cause must be determined on the basis of the facts and circumstances facing that police officer at the time of an arrest.  On the issue of the alleged constitutional violation of making an unlawful arrest for disorderly conduct, if you determine that a plaintiff established, by a preponderance of the evidence, that there was no probable cause to arrest them on the charge of disorderly conduct or on a related charge, that plaintiff has satisfied the second element of their claim for section 1983 relief.

Any determination of whether probable cause to effect a particular arrest existed must be founded upon an analysis of the "totality-of-the-circumstances" surrounding the particular arrest in question. In making a determination of whether probable cause existed, you must consider all of the facts available to the police at the time of the

arrest and immediately before it. Thus, the information upon which an officer may properly rely in determining whether probable cause to effect an arrest exists is not limited only to those facts of which the officer has personal knowledge. A determination of probable cause may be based on hearsay information obtained from other police officers, or from a reliable third party, such as an anonymous informant whose information can be independently corroborated. It is the collective knowledge of the law enforcement organization as a whole, and not merely the information possessed by the arresting

officer which must be considered in taking into account the totality-of-the-circumstances when considering whether a particular arrest was based upon probable cause.

I will now address the Chriseys' claim of malicious prosecution as a basis to satisfy the second element of the section 1983 claim.

XXII. MALICIOUS PROSECUTION

The second basis on which Mr. Chrisey and Mrs. Chrisey each claim they were deprived of a constitutional right is that they were maliciously prosecuted. Mr. Chrisey asserts a claim that Trooper Pandiscia maliciously prosecuted him. Mrs. Chrisey asserts a claim that Trooper Lewis maliciously prosecuted her. A Section 1983 claim based on malicious prosecution is adjudged in accordance with the four elements of the Connecticut common law tort for malicious prosecution. These four elements are:

(1) commencement or continuation of criminal proceedings;

(2) lack of probable cause;

(3) existence of malice; and

(4) termination of the underlying criminal prosecution in a plaintiff's favor. In addition to these four elements, a plaintiff must prove a deprivation of personal liberty. Let me instruct you on each of these elements.

I instruct you that the first element has been met, because it is uncontroverted on this record that a criminal proceeding was commenced against the plaintiff.

With respect to the second element, whether there was probable cause to commence criminal proceedings, depends on whether a reasonable, prudent person, based upon all of the facts and circumstances known to him when the prosecution was commenced, would have believed that a plaintiff was guilty of the crime with which he or she was charged. We are now discussing probable cause to commence and

-31-

continue the criminal prosecution. I have previously discussed the issue of probable cause with regard to the unlawful arrest claim. In that regard, I instructed you as to whether a police officer defendant had probable cause to initially arrest a plaintiff. Now we are talking about probable cause at a different period of time, and a different phase of the criminal proceeding. We are now past the arrest stage and into the actual initiation of the prosecution or continuance of the criminal proceeding.

The issue of probable cause at the time of the arrest may or may not be different from the issue of probable cause to commence a criminal proceeding by actually filing an information and pursuing the matter in court. That depends on what additional facts and information, if any, came to a defendant's attention after the arrest. There may have been additional facts coming to a defendant's attention, which facts, when taken together with the initial facts that were the basis of the arrest, establish probable cause or do not. Those determinations are for you to make based on all of the evidence in the case.

A plaintiff must prove that a defendant acted without probable cause in commencing the criminal proceeding against him or her. Whether probable cause existed depends upon whether a reasonably prudent person would have believed a plaintiff to be guilty of the offense of disorderly conduct. The fact that the criminal charges were all ultimately dismissed is not evidence that a defendant lacked probable cause at the time the prosecution was initiated.

The third element of malicious prosecution is malice. A prosecution is initiated

maliciously if it is initiated for a purpose other than bringing an offender to justice; for some ulterior motive other than to secure punishment for a violation or crime; out of personal, ill will; or in reckless disregard of the rights of the person accused. Reckless disregard of the rights of the person accused means initiation of the prosecution without any reasonable ground for belief that he has actually committed the offenses or crimes.

If you find that a defendant did not have probable cause for believing that a plaintiff committed the crime at the time of the initiation of the prosecution, you may, although you are not required to, infer from that fact that the defendant acted maliciously.

In order to satisfy the fourth element, a plaintiff, Mr. or Mrs. Chrisey, must prove by a preponderance of the evidence that his or her criminal prosecution was terminated in that plaintiff's favor. This element is met where the final disposition of the subject proceedings indicate that the accused is not guilty. A conviction is conclusive proof of probable cause, and a plaintiff may not challenge probable cause in the face of a valid judgment of conviction. In other words, a person who thinks that there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his Section 1983 claim for unlawful arrest.

In order to satisfy the requirement for an "unqualified dismissal," it is sufficient if a plaintiff was discharged without a trial under circumstances amounting to an

-33-

abandonment of the prosecution without request or arrangement with the plaintiff.  A termination is not favorable, for example, where a prosecution ends because of a compromise with the accused.  Thus, where a plaintiff has negotiated with the prosecuting authority for the dismissal of the charges against him, and has provided something in return, you may find that the charges in question were not pursued to an "unqualified dismissal."

The parties have stipulated that the charges were "*nolled*" pursuant to a "*nolle prosequi*," filed by the prosecutor, which means literally "I will not prosecute."  The effect of a *nolle prosequi* is to end pending proceedings without an acquittal and without placing the defendant in jeopardy.

In addition to these four elements under Connecticut law, for a claim of malicious prosecution under section 1983, a plaintiff must show an additional element.  The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person, i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty.  Thus, to prove a claim of malicious prosecution, a plaintiff must show some deprivation of liberty consistent with this concept of seizure, which deprivation resulted from the initiation or pendency of judicial proceedings.  An arrest cannot serve as the predicate deprivation of liberty when it occurs prior to arraignment and without a warrant.  Therefore, to pursue a Section 1983 claim of malicious prosecution in violation of a plaintiff's Fourth Amendment rights, that plaintiff must show a deprivation of liberty that rises to the level of a constitutional

violation that occurred after he or she was presented before a judge.

That completes my instructions on the two bases that each plaintiff claims to prove the second element of his or her Section 1983, deprivation of a constitutional right for which the police officer defendants would be liable. I will now address the third element of a Section 1983 claim, causation.

XXIII.  THIRD ELEMENT OF A SECTION 1983 CLAIM: CAUSATION

In order to prove the third element of a Section 1983 claim, a plaintiff must prove that a police officer's conduct was the cause of any constitutional deprivation by that defendant.  In other words, Mr. and Mrs. Chrisey must establish a causal connection between a defendant's act and the deprivation of rights that I have described to you.

If you find that there was a constitutional violation, but it was not caused by the conduct of a defendant, then Mr. and Mrs. Chrisey have failed to establish the third element of his or her claim as to that defendant.  If you find that there was a constitutional violation and it was caused by the conduct of a defendant, then you should proceed to consider the fourth element as to that defendant.

XXIV.  FOURTH ELEMENT OF A SECTION 1983 CLAIM: PROXIMATE CAUSE OF
INJURY

If you find that either Mr. or Mrs. Chrisey or both have proven that one or more of
the defendants deprived them of a constitutional right in any of the ways they have
alleged, then, for each deprivation of right you find, you should decide if the plaintiffs
have proven the fourth element of a Section 1983 claim: that the unlawful act which
deprived a plaintiff of his or her rights was the proximate cause of an injury suffered by
him or her.

An injury is proximately caused by an act, or a failure to act, whenever it appears
from the evidence in the case that the act or omission played a substantial part in
bringing about or actually causing the injury, and that injury was either a direct result or
a reasonably probable consequence of the act or omission.

This does not mean that the law recognizes only one proximate cause of an
injury, consisting of only one factor or thing, or the conduct of only one person.  On the
contrary, many factors or things, or the conduct of two or more persons, may operate at
the same time either independently or together, to cause injury; and in such a case,
each may be a proximate cause.

If you find that a plaintiff has proven by a preponderance of the evidence that
any conduct of a defendant proximately caused an injury to have been suffered by that
plaintiff, then that plaintiff has proven the fourth and final element of the Section 1983
claim as to that defendant.

XXV.  STATE LAW FALSE ARREST

In addition to claiming that their arrests on September 19, 2001 were unlawful under federal law, Mr. and Mrs. Chrisey each claim that his or her arrest violated his or her rights under state law as well.  Mr. Chrisey asserts a claim of state law false arrest against Trooper Pandiscia.  Mrs. Chrisey asserts a claim of state law false arrest against Trooper Lewis.

Under Connecticut law, false arrest is the unlawful restraint by one person of the physical liberty of another.  In order to prove a claim of false arrest under Connecticut law, a plaintiff must prove that his or her arrest was without probable cause.  Therefore, to determine if the arrest was an unlawful restraint, i.e, a seizure without probable cause, you should follow the instructions I previously gave you with respect to the false arrest basis of the second element of the plaintiffs' claims under section 1983.  (See pages 25-30.)  In this case, none of the defendant police officers had an arrest warrant.

XXVI.  STATE LAW MALICIOUS PROSECUTION

In addition to claiming that their criminal prosecution was unlawful under federal law, Mr. and Mrs. Chrisey each claim that their prosecution violated their rights under state law as well.  Mr. Chrisey asserts a claim that Trooper Pandiscia maliciously prosecuted him.  Mrs. Chrisey asserts a claim that Trooper Lewis maliciously prosecuted her.  I described the five elements that a plaintiff must prove by a preponderance of the evidence when we discussed malicious prosecution as a basis for the Chrisey's section 1983 claim.  (See pages 31-35).  Four of these elements are:

(1) commencement or continuation of criminal proceedings;

(2) lack of probable cause;

(3) existence of malice; and

(4) termination of the underlying criminal prosecution in the plaintiff's favor.

However, in order to establish a malicious prosecution claim under state law, a plaintiff does not have to prove the fifth element I discussed earlier, (page 34), that is, that a seizure for the purposes of the Fourth Amendment took place.  For you to find in a plaintiff's favor, you need only find that the four elements I previously instructed you on-

(1) commencement or continuation of criminal proceedings;

(2) lack of probable cause;

(3) existence of malice; and

(4) termination of the underlying criminal prosecution in the plaintiff's favor–exist.

Remember that I have already instructed you that the first element–commencement or continuation of criminal proceedings–exists.  You must determine whether the second, third, and fourth element have been proven by a plaintiff by a preponderance of the evidence.

XXVII. STATE OF MIND

If you find that one or more of the plaintiffs have proven his or her state law claim of false arrest or malicious prosecution against a police officer defendant, you should next determine whether such defendants acted wantonly, recklessly, or maliciously.  The burden of proof is on the plaintiff to establish that a defendant acted wantonly, recklessly, or maliciously.

Rarely is direct proof available to establish the state of one's mind.  This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The state of mind with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence.  Accordingly, state of mind can be established by surrounding facts and circumstances as of the time of the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

In order to establish that a defendant's conduct was wanton, reckless, or malicious, a plaintiff must prove the existence of a state of consciousness with reference to the  consequences of one's acts.  Such conduct is more than negligence, more than gross negligence. In order to find it, you must find something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.  It is such conduct as indicates a

reckless disregard of the rights or safety of another or of the consequences of the action. In sum, such conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.

XXVIII.        DAMAGES

You should consider the question of damages on any federal law claim only if you find that either plaintiff or both plaintiffs has proven each element of that claim. You should consider the question of damages on a state law claim only if you find both the elements of that state law claim and that an individual defendant's conduct was wanton, reckless, and a malicious.

The fact that I charge you on the law governing damages should not be taken as a suggestion that you should necessarily reach the question of damages.  It is your function to decide the issue of liability; I am instructing you on elements of damages only so that you will have guidance should you decide that the plaintiff is entitled to recover damages on a claim.  You should not consider the question of damages unless and until you find one or more of the defendants liable to the plaintiff on one or more of her claims.

 You should award damages only for those injuries caused by the conduct you find satisfies the elements of a cause of action, in accordance with these instructions. You should consider separately the issue of damages with respect to each claim in the event that you find for a plaintiff on more than one of his or her claims.

There are different types of damages, some or all of which may arise in the context of different causes of action.  Let me now explain each type to you.

XXIX.  COMPENSATORY DAMAGES

The first type of damages is called compensatory damages, the purpose of

which is to award, as far as possible, fair and just compensation.  When calculating

damages for any of the plaintiff's claims, you may award compensatory damages.  If

you decide for the plaintiff on the issue of liability, you must then fix the amount of

damages that will reasonably and fairly compensate that plaintiff for any harm that the

wrongful conduct of a defendant was a substantial factor in bringing about.  These

damages are known as compensatory damages.  Compensatory damages seek to

make a plaintiff whole—that is, to compensate  for the damages that he or she suffered.

These damages may include economic damages as well as non-economic damages.

Economic damages include such items as medical bills or attorney fees incurred in

connection with the criminal charges.  Non-economic damages include pain and

suffering, emotional distress, and mental anguish.

The problem of estimating damages in a case of this sort is not easy.  You are

not at liberty to guess or infer what the damages are.  You must use your best

judgment, remembering always that it is incumbent upon a plaintiff, even if you find that

he or she is entitled to recover, to prove by a fair preponderance of the evidence the

amount of the damages to which he or she is entitled.

Generally speaking, in order to award compensatory damages for a given injury

or harm, you must find that a plaintiff has proven by a preponderance of the evidence

that the claimed injury or harm was caused by one or more of the defendants.  A

-44-

plaintiff may recover fair, reasonable, and just compensation for only those elements of damage he or she has proven were caused by the acts of the defendant, which acts satisfy the elements of a plaintiff's claim.

Actual damages must not be based on speculation or sympathy. Nor may damages be based on the abstract "value" or "importance" of a constitutional right. Damages must be based on the evidence at trial. On the other hand, the law does not require the plaintiff to prove the amount of Mr. and Mrs. Chrisey's losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

No evidence of the value of such intangible things as mental or emotional distress has been or need be introduced. In that respect, it is not value you are trying to determine, but rather an amount that will fairly compensate a plaintiff for the damages he or she suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. This is a matter that is left to the conscience, good sense, and sound judgment of the jury. You should not act unreasonably through bias, passion, or sympathy, but rather should exercise common sense and fix an amount of damages, that, in accordance with the evidence and the law, will fairly compensate a plaintiff for all injuries suffered.

You must bear in mind at all times that the burden is on a plaintiff to prove that any claimed element of damages was a proximate consequence of a proven wrongful act, as well as to prove the reasonable amount with respect to any such element of

-45-

damage.

XXX.  NOMINAL DAMAGES

A second type of damages is called nominal damages.  If you find that a plaintiff has proven a claim against a defendant, and, if it applied, you do not find qualified immunity for that plaintiff as to that defendant, but you find that a plaintiff suffered no injury, you must award that plaintiff what are called "nominal damages."

"Nominal damages" are awarded as recognition that a plaintiff's rights have been violated.  You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the deprivation of a right or breach of duty, without any resulting economic or non-economic damage.  You should also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages on a particular claims to a plaintiff; either he or she was measurably injured, in which case you must award compensatory damages, or he or she was not or you can not reasonably calculate such damage, in which case you may award nominal damages.

"Nominal damages" are a token sum, such as one dollar.

XXXI.  JOINT LIABILITY

In calculating compensatory damages, you need not apportion liability and damages among any defendants whom you find liable on any particular claim.  When two or more persons unite in an act that constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.  The law does not require the injured party to establish how much of the injury was done by any one person.  Rather, it permits you to express damages as a total sum awarded to the  plaintiff for each claim, and all defendants found liable under that claim are responsible to the plaintiff for that sum.

XXXII.        DOUBLE DAMAGES

I have one final instruction to give you regarding compensatory damages in this case.  Later in the instructions, I will instruct you on the Verdict Form, but it is appropriate to mention one instruction regarding the Verdict Form now.  If you find that the plaintiff is entitled to compensatory damages on more than one claim, you should award the full amount of compensatory damages that you find he or she is entitled to under each of the claims, considered independently.

If, in determining the compensatory damages as to any one claim, you include compensatory damages you had already found were compensatory damages as to one or more other claims, it would be double counting for the court to award those damages twice by adding up the various awards.  You should not worry, however, in determining the compensatory damages as to each claim that the damages may overlap, or that you may be double counting.  If such overlap or double counting occurs, it is something that I will have you take care of at the end of the verdict form.

XXXIII.        PUNITIVE DAMAGES

Punitive damages may be awarded to a plaintiff if you find that a plaintiff has proven a Section 1983 claim against one or more of the individual police officer defendants and you award compensatory damages to the plaintiffs for any such claim, whether actual or nominal.  If so, then you must decide whether Mr. or Mrs. Chrisey is entitled to an award of punitive damages against the police officer defendant found liable.

Federal law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary conduct, and to serve as a warning to others not to engage in such conduct.  Punitive damages, when appropriate, are intended to protect the community and to be an expression of the jury's indignation at the misconduct.  Whether you decide to award punitive damages against a police officer defendant should be based on whether you find that he or she engaged in either:

(1)        Willful or malicious violation of a plaintiff's rights; or

(2)        Wanton behavior, that is the reckless disregard of whether his actions were in violation of a plaintiff's rights.

"Willful or malicious", under federal law, means that a defendant's actions were inspired by a purpose to do a plaintiff harm, and that that defendant had an intent to bring about such a result.  In determining whether a defendant's conduct was malicious or wilful, you must consider what he did in light of all the circumstances, for malice and

wilfulness are often not susceptible of proof by direct evidence, but may be found as an inference reasonably drawn from all the facts.

I said to you also that the plaintiff is entitled to punitive damages where the defendant's acts are "wanton", and under federal law that means a reckless disregard of the consequences which might follow from such acts. Whether you decide to award any punitive damages is entirely within your discretion.

If you have decided to award punitive damages under Section 1983, you must determine that amount. The amount of punitive damages that you may award under Section 1983 is solely within your discretion. Even though you have exclusive control over the amount of punitive damages, in awarding damages, you must not be influenced in your determination by any sympathy, bias, or prejudice with regard to any party to the case.

Remember that a plaintiff has the burden of proving, by a preponderance of the evidence, that a defendant acted willfully or maliciously or in wanton disregard for that plaintiff's rights. If they do not, then you should answer "No" to the question concerning punitive damages.

XXXIV.  NOTE TAKING

I have now concluded the instructions relating to the specific claims in this case. In closing, I must add a few general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.

XXXV.  CLOSING REMARKS

Let me now say a few words about your deliberations.

First, keep in mind that nothing I have said in these instructions—indeed, nothing I have said or done during this trial—is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so.  Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous.  If you take a vote during deliberations and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.  Closing arguments, or other statements or arguments of counsel, are not evidence.  If your recollection differs

from the way counsel has stated the facts, then your recollection controls.

Remember at all times that you are not partisan.  Rather, you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

The instructions that I gave you at the beginning of the case about outside factors apply during your deliberations.  Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors.  Also, do not read or listen to any outside information about the case during your deliberations.  And do not try to do any research or make any investigation.  And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, and me.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience.  The verdict form is made up of questions concerning the important issues in this case.  The verdict form is not evidence in this case, nor should you view it as supplementing or modifying in any way my instructions to you on the law.  Your answers must reflect the conscientious judgment of each juror and must be unanimous.  The verdict form includes instructions to guide you in filling out the form and follows the order of these instructions, except that in completing the form, questions about damages follow each claim, whereas in these instructions I addressed the issue of damages all together.  You should answer every question, except where the verdict form indicates otherwise.  I suggest that you

start at the beginning, and work your way through, following the instructions carefully.

You will take the verdict form to the jury room and answer the questions asked. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, and then date and sign the verdict form. Then inform the court security officer that you have reached a verdict. I stress that each of you must be in agreement with the verdict as contained in the verdict form and announced in court. Your verdict must be unanimous.

You are about to go into the jury room to begin your deliberations. Please wait to begin deliberations until the deputy clerk brings the verdict form and exhibits in to you. It will take a few minutes to gather the exhibits. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want. It can take a long time to find it, so please consider that. If you feel you really need testimony read back, be as specific as possible in your request. Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer seated outside the jury room. If you send out a question, I will consult with the parties before answering it, which may take some time. You may, if you can, continue your deliberations while waiting for the answer to any question. I will respond to your request as promptly as possible either in writing or by having you return to the  courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should never indicate in any way how the jury stands, numerically or otherwise. Never

disclose any vote count in any note to the court.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.

This completes my instruction to you.  Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.